■ YITZCHAK TWERSKY, Respondent, v RENEE TWERSKY, Now Known as RENEE BERGER, Appellant. (And Another Action.) — Appeal by the noncustodial mother of two minor children from an order of the Family Court, Rockland County (Weiner, J.), dated November 29, 1983, which, *inter alia,* restricts her visitation rights to supervised visitation. ¶ Order modified, on the law and the facts, by deleting the provision therein which modified the October 22, 1982 order of visitation and said order of visitation is reinstated in its entirety. As so modified, order affirmed, with costs to the appellant. ¶ Both parties alleged violations of the October 22, 1982 visitation order which permitted unsupervised visitation with the mother. After a fact-finding hearing, the Family Court found neither party had breached the order and dismissed both parties' petitions. However, the court also made a finding that unsupervised visitation caused the children emotional harm. The court noted that visits which had been supervised by the Volunteer Counseling Services of Rockland County, which had been arranged by the father, were in the children's best interests and should continue. Modifying its prior order, *sua sponte,* the court directed that all visitation, including telephone communications, shall be supervised by the children's therapist, Dr. Burton August. The order limited supervised visits to one a month. ¶ The mother appeals. She claims, *inter alia,* that the record does not support the need for supervised visitation and urges this court to reinstate unsupervised visitation. The children are being raised by the father in the strict Orthodox Jewish tradition. The mother does not share this life-style but has agreed to use her best efforts to insure that the children's religious practices are followed. The father argues that the mother's conduct has caused the children emotional harm and that supervision minimizes the conflicts they experience. ¶ Visitation is a joint right of the noncustodial parent and the child (*Weiss v Weiss,* 52 NY2d 170, 175). The best interests of the child lie in his being nurtured and guided by both natural parents (*Daghir v Daghir,* 82 AD2d 191, 193, affd 56 NY2d 938). In order for the noncustodial parent to develop a meaningful, nurturing relationship with her child, visitation must be frequent and regular (*Daghir v Daghir, supra,* p 193; *Weiss v Weiss, supra,* p 175). Absent extraordinary circumstances, where visitation

would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable visitation privileges (*Matter of Schack v Schack,* 98 AD2d 802; *Quinn v Quinn,* 87 AD2d 643; *Strahl v Strahl,* 66 AD2d 571, 574, affd 49 NY2d 1036). ¶ There is no credible support in the record for the Family Court's finding that supervised visitation is required in the best interests of the children. The Family Court found no willful violations by the mother of the order of visitation. That court merely adopted the recommendation of Dr. Burton August, the children's psychiatrist. Dr. August reached the conclusion that supervision was in the children's best interest without ever having interviewed the mother. He formulated his recommendations upon information supplied by the father, who had retained him. Moreover, Dr. August never interviewed the children immediately after an unsupervised visit. Accordingly, Dr. August's opinions should not have been the primary basis for the Family Court's determination (see *Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76-77). Notably, two presumably unbiased parties, a counselor of the Volunteer Counseling Services and the court-appointed Law Guardian, recommended unsupervised visitation. ¶ Since no credible evidence was adduced before the Family Court that unrestricted visitation is inimical to the welfare of the children, the order appealed from must be modified. The October 22, 1982 order is reinstated and in light of the history of this case, both parties are cautioned to adhere to its provisions. Mollen, P. J., Weinstein, Rubin and Eiber, JJ., concur.