■ In the Matter of STELLA E. LYNG, Respondent, v CAROL C. LYNG, Appellant. (Appeal No. 1.)—Order unanimously affirmed, without costs. Same memorandum as in *Matter of Lyng v Lyng* (appeal No. 2) (112 AD2d 29). (Appeal from order of Jefferson County Family Court, Gilbert, J.—visitation.) Present—Hancock, Jr., J. P., Callahan, Doerr, Denman and Green, JJ.

■ In the Matter of FRANCIS E. LYNG, Respondent, v CAROL C. LYNG, Appellant. (Appeal No. 2.)—Order unanimously modified, in the exercise of discretion, and, as modified, affirmed, without costs, in accordance with the following memorandum: Carol Lyng, the custodial parent of Erin, who is presently nine years of age, appeals from orders of the Family Court which granted Erin's paternal grandmother, Stella Lyng, visitation with Erin one weekend per month and expanded the visitation rights of Erin's father, Francis, who now resides in Florida.

Visitation by grandparents with a minor grandchild is a matter solely within the discretion of the court and must be determined by considering the best interest of the child *(see, Lo Presti v Lo Presti,* 40 NY2d 522). The courts have recognized that visits with grandparents are a beneficial experience for a child and are to be encouraged *(see, Matter of Johansen v Lanphear,* 95 AD2d 973, 974). Since there is nothing in the record to indicate that visitation with her parental grandmother would not be beneficial to Erin, we agree with Family Court that it would be in her best interest to continue such relationship.

In view of the fact that Erin's father now resides in Florida, the only way in which he can develop a meaningful relationship with her is to have a substantial period of visitation during the summer. It need hardly be restated that visitation is not only a joint right of the parent and child *(see, Weiss v Weiss,* 52 NY2d 170, 175), but that it is also in the best interest of the child to have a meaningful relationship with her father *(see, Daghir v Daghir,* 82 AD2d 191, 193, *affd* 56 NY2d 938; *Twersky v Twersky,* 103 AD2d 775, 776). There is, however, merit to the concern expressed by respondent that Erin is not properly supervised when

she is in Florida during the period when petitioner is at work. We therefore modify the order of Family Court to require Francis Lyng to file an acceptable child-care plan with Family Court 30 days prior to visitation in Florida.

We note that Family Court properly accorded little weight to the testimony of the child psychiatrist whom respondent had retained to examine Erin. Because of the limited contact she had with Erin, and the fact that the evaluation of petitioner was based solely on what she had been told by respondent, her testimony was of little value *(see, Twersky v Twersky,* 103 AD2d 775, 776, *supra).* (Appeal from order of Jefferson County Family Court, Gilbert, J.—visitation.) Present—Hancock, Jr., J. P., Callahan, Doerr, Denman and Green, JJ.