■ In the Matter of PATSY M. C., Appellant, v LORNA W. C., Respondent.—In related proceedings pursuant to Family Court Act article 6, the petitioner father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Bellantoni, J.), dated March 21, 1989, as, after a hearing, dismissed his petition to modify the visitation provisions of a prior order of the same court, dated March 29, 1988.

Ordered that the order dated March 21, 1989, is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof which dismissed that branch of the modification petition which was for specification of alternate holiday visitation hours, and substituting therefor a provision granting that branch of the petition and adding to decretal paragraph (D) of the order dated March 29, 1988, a provision specifying that the petitioner's visitation hours on the designated alternate holiday days shall be between 10:00 A.M. and 7:00 P.M., and (2) deleting the provision thereof which dismissed that branch of the modification petition which was to expand the father's visitation to include the periods when the mother visits her husband in prison and substituting therefor a provision granting that branch of the petition and adding a provision to the order dated March 29, 1988, granting the father visitation rights on those days the mother visits her husband in prison; as so modified, the order dated March 21, 1989, is affirmed insofar as appealed from, without costs or disbursements.

The petitioner is the father of the infant Michael C., born out of wedlock to the respondent mother on June 7, 1987. At a hearing held on February 2, 1988, the father's paternity was established, and the parties agreed by stipulation placed on the record in open court as to the issues of the child's name, custody, parenting time, and child support. An order of filiation, visitation, custody and support, dated March 29, 1988, ensued which embodied the terms of the stipulation. The respondent mother obtained custody of the child and the petitioner was granted generous visitation with his son. On appeal, the father challenges the dismissal of his modification petition, seeking: (1) an expansion of alternate weekend visitation hours from 4:30 P.M. Friday through 5:00 P.M. Sundays, to 2:00 P.M. Friday through 5:00 P.M. Sundays; (2) a specification of alternate holiday visitation hours; and (3) an expansion of his visitation time to include the periods when the respondent visits her husband in State prison. The court dismissed the modification petition in its totality, on the grounds that there

had not been any substantial change of circumstances, and because no evidence was presented showing that modification would be in the best interest of the child. For the reasons set forth below, the petitioner's request for specification of alternate holiday hours and expansion of his visitation time to include the periods when the mother visits her husband in prison, should have been granted.

Modification of an existing award of custody and visitation rights may be granted where the totality of the circumstances warrant such modification in the best interests of the child (see, Friederwitzer v Friederwitzer, 55 NY2d 89, 95-96). Although "priority * * * is accorded the first award" (Friederwitzer v Friederwitzer, supra, at 94), it is nevertheless "but one factor to be weighed by the court in deciding whether a change of custody [or visitation rights] is warranted" (Eschbach v Eschbach, 56 NY2d 167, 171; see, Friederwitzer v Friederwitzer, supra, at 93-94). Further, where the award is the result of a stipulation, as here, it is entitled to less weight than a disposition after a plenary trial (see, Friederwitzer v Friederwitzer, supra, at 94-95; Robinson v Robinson, 111 AD2d 316, 318; Feltman v Feltman, 99 AD2d 540, 541). The record indicates that the parties' failure to stipulate the exact hours the father was to pick up and return the child on the alternate holiday visitations became the source of contention on July 4, 1988, and ultimately led to the involvement of the police in an attempt to resolve the conflict. Recognizing that the trial court is entrusted with broad discretion in determining what visitation arrangements will most effectively promote the best interests of the child (see, Kadin v Kadin, 131 AD2d 437, 439), and that its determination is to be accorded great deference (see, Eschbach v Eschbach, supra, at 173-174), we find nevertheless that averting such incidents in the future by specifying the hours of pickup and return, is in the best interests of the child. Accordingly, the order dated March 21, 1989, is modified to the extent of granting the petitioner's request to modify the prior order of March 29, 1988, by adding a provision thereto specifying that visitation occur on the designated alternate holiday days between the hours of 10:00 A.M. to 7:00 P.M. Upon a review of the record, we also find that it is in the child's best interests to remain with his father when the mother visits her husband in prison. We therefore grant that branch of the father's motion which was to modify the prior order of March 29, 1988, by adding a decretal paragraph thereto, expanding his visitation to include those periods of time when the mother visits her husband in prison.

With regard to the petitioner's request to modify alternate weekend visitation hours, we find that such an expansion is not supported by the record. Accordingly the determination of the Family Court in that respect should remain undisturbed *(see, Eschbach v Eschbach, supra).* Brown, J. P., Kooper, Sullivan and Harwood, JJ., concur.