■ In the Matter of NELSON J. TABARES, Appellant, v DINA E. TABARES, Respondent. [883 NYS2d 123]—

In a visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Kiedaisch, J.), dated June 5, 2008, which, after a hear-

ing, dismissed his petition to modify the visitation provisions of an order of the same court dated August 30, 2007, by adding an additional period of visitation with the subject child on Thursday evenings from 5:00 P.M. to 7:00 P.M.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the father's petition is granted, and the visitation provisions of the order dated August 30, 2007, are modified to add a provision granting the father an additional period of visitation with the subject child on Thursday evenings from 5:00 P.M. to 7:00 P.M.

Pursuant to an order of the Family Court dated August 30, 2007, sole custody of the parties' son was awarded to the mother, while the father was, upon completion of certain requirements, awarded overnight visitation on alternating weekends from 8:00 A.M. Saturday to 8:00 A.M. Monday. The father completed the requirements and filed a petition to modify the order to add an additional period of visitation with the child on Thursday evenings from 5:00 P.M. to 7:00 P.M. At a hearing on the petition, the father opined that, under the current order, too much time elapsed between each scheduled visit. The mother opposed the petition and offered instead to extend the period of alternating weekend visitation to include Friday evenings. The Family Court found a change in circumstances but dismissed the petition, stating, inter alia, that the father's refusal to accept the mother's offer indicated that he did not have a genuine desire to increase his time with the child.

Modification of an existing award of visitation may be granted where the totality of the circumstances warrants such modification in the best interests of the child (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-97 [1982]; *Matter of Patsy M.C. v Lorna W.C.*, 165 AD2d 813 [1990]; *Matter of Schack v Schack*, 98 AD2d 802 [1983]). To be meaningful, visitation must be frequent and regular, and the frequency and regularity of visitation is more significant than the total number of hours (*see Lo Bianco v Lo Bianco*, 131 AD2d 642, 644 [1987]; *Daghir v Daghir*, 82 AD2d 191, 194 [1981], *affd* 56 NY2d 938 [1982]; *see also Matter of Heuthe v McLaren*, 296 AD2d 500, 501 [2002]; *Castro v Castro*, 292 AD2d 556 [2002]). Under the circumstances of this case, the Family Court should have granted the father's request for an additional two hours of weeknight visitation. Spolzino, J.P., Angiolillo, Chambers and Lott, JJ., concur.