■ In the Matter of MARCIA TAYLOR, Appellant, v HORACE TAYLOR, Respondent. (Proceeding No. 1.) In the Matter of HORACE TAYLOR, Respondent, v MARCIA TAYLOR, Appellant. (Proceeding No. 2.) [908 NYS2d 269]—

In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Forman, J.), entered April 6, 2009, which, after a hearing, inter alia, granted the father's violation petition and changed the holiday visitation schedule by setting forth specific holidays on which each parent would have the child, and prohibiting the parents from deviating from the schedule without prior court approval.

Ordered that the order is affirmed, without costs or disbursements.

When making a determination with respect to visitation, the most important factor is the best interests of the child (see Matter of Balgley v Cohen, 73 AD3d 1038 [2010]; Matter of Shockome

v Shockome, 53 AD3d 618, 619 [2008]). A visitation order may be modified upon a showing of sufficient change in circumstances since the entry of the prior order such that modification is warranted to further the child's best interests (see Matter of Balgley v Cohen, 73 AD3d at 1038; Matter of Shockome v Shockome, 53 AD3d at 619). Here, in light of the inability of the parents to communicate with each other, it was not an improvident exercise of the Family Court's discretion to modify the holiday visitation schedule by setting forth specific holidays on which each parent would have the child, and prohibiting the parents from deviating from the schedule without prior court approval. Santucci, J.P., Balkin, Belen and Chambers, JJ., concur.