■ In the Matter of MICHAEL ZWILLMAN, Respondent, v DONNA KULL, Appellant. [934 NYS2d 333]—

When adjudicating visitation rights, the court's first concern is the welfare and interests of the child. Visitation is a joint right of the noncustodial parent and the child (*see Matter of Aguirre v Romano*, 73 AD3d 912 [2010]; *Pollack v Pollack*, 56 AD3d 637 [2008]; *Cervera v Bressler*, 50 AD3d 837 [2008]; *McGrath v D'Angio-McGrath*, 42 AD3d 440 [2007]; *Twersky v Twersky*, 103 AD2d 775 [1984]). The best interests of the child lie in being nurtured and guided by both parents. In order for the noncustodial parent to develop a meaningful, nurturing relationship with the child, visitation must be frequent and regular. Absent extraordinary circumstances, such as where visitation would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable visitation privileges (*see Pollack v Pollack*, 56 AD3d 637 [2008]; *Cervera v Bressler*, 50 AD3d 837 [2008]; *Twersky v Twersky*, 103 AD2d 775 [1984]).

The Family Court did not improvidently exercise its discretion in granting the father's petition to modify the visitation schedule set forth in the parties' stipulation of settlement, which was incorporated but not merged into a judgment of divorce entered June 7, 2007. Here, the father established that there has been a change in circumstances such that a modification was necessary to ensure the continued best interests and welfare of the child (*see Matter of Pavone v Bronson*, 88 AD3d 724 [2011]; *Matter of Gant v Chambliss*, 86 AD3d 612 [2011]; *Matter of Francois v Grimm*, 84 AD3d 1082 [2011]; *Matter of Garcia v Fountain*, 82 AD3d 979 [2011]). The Family Court's determination has a sound and substantial basis in the record, and there is no basis to disturb it (*see Matter of Manzella v Milano*, 82 AD3d 1242 [2011]; *Matter of Waldron v Dussek*, 48 AD3d 471 [2008]; *Matter of Steinhauser v Haas*, 40 AD3d 863 [2007]). Mastro, A.P.J., Hall, Sgroi and Cohen, JJ., concur.