■ In the Matter of O'NEIL ROSS, Appellant, v LOVORN MORRISON, Respondent. [949 NYS2d 186]—

In a custody and visitation proceeding pursuant to Family

Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (McElrath, J.), dated September 15, 2011, as, after a hearing, granted those branches of the separate motions of the mother and the subject children which were to dismiss that branch of his petition which sought to modify an order of custody and visitation on consent of the same court dated February 4, 2008, so as to award him reasonable visitation with the subject children, and dismissed that portion of the proceeding.

Ordered that the order dated September 15, 2011, is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, those branches of the separate motions of the mother and the attorney for the children which were to dismiss that branch of the father's petition which sought to modify the order of the Family Court, Kings County, dated February 4, 2008, so as to award the father reasonable visitation are denied, that branch of the father's petition is reinstated and granted, and the matter is remitted to the Family Court, Kings County, to set a visitation schedule.

The subject children resided in California until the mother relocated with them to New York. In 2008, the mother filed a petition for sole legal and physical custody of the children. The father, who remained in California, submitted a sworn written response, wherein he consented to the mother's custody of the children, who reportedly have special needs, but requested visitation. An order of custody and visitation on consent was thereafter issued by the Family Court on February 4, 2008, awarding custody to the mother, and liberal but unspecified visitation to the father, "as [the] parties arrange and agree."

Two years later, the father commenced the instant proceeding by filing a petition requesting custody of the children or, alternatively, reasonable visitation. A hearing was held and, at the close of the father's case, the mother and the subject children moved to dismiss the petition. The Family Court granted the motions, and dismissed the proceeding in its entirety. On appeal, the father challenges the dismissal of that branch of his petition which was for an award of reasonable visitation.

An existing visitation arrangement may be modified "upon a showing that there has been a subsequent change of circumstances and modification is required" (Family Ct Act § 467 [b] [ii]; see Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381 [2004]). The paramount concern in any custody or visitation determination is the best interests of the child, under the totality of the circumstances (see Matter of Wilson v McGlinchey, 2 NY3d at 380-381; Eschbach v Eschbach, 56 NY2d 167, 172 [1982]).

The best interests of the child generally lie in being nurtured and guided by both parents, and " 'in order for the noncustodial parent to develop a meaningful, nurturing relationship with [his or] her child, visitation must be frequent and regular. Absent extraordinary circumstances, where visitation would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable visitation privileges' " (*Pollack v Pollack*, 56 AD3d 637, 638 [2008], quoting *Twersky v Twersky*, 103 AD2d 775, 775-776 [1984]; *see Matter of Zwillman v Kull*, 90 AD3d 774, 775 [2011]).

Here, the father testified at the hearing that the mother was preventing him from having visitation with the children by conditioning visitation on various demands, by stating that she did not know his current wife, and by claiming that he would not return the children from California to New York. The father also testified that he and the mother currently do not communicate absent exigent circumstances. In view of this evidence that the existing visitation arrangement, which was dependent on the cooperation of both parents, had become unworkable, the Family Court's determination that the father had failed to make a prima facie showing of changed circumstances warranting modification of the prior visitation order is not supported by the record. Further, under the circumstances of this case, including the fact that the parents had previously agreed that the father should enjoy liberal visitation, and the father's testimony that the children identified him as "Daddy" and told him that they loved him during numerous telephone conversations, we find that modification of the prior order to provide for reasonable visitation is in the best interests of the children (*see Matter of Zwillman v Kull*, 90 AD3d at 775; *Matter of Taylor v Taylor*, 77 AD3d 669 [2010]).

Accordingly, the matter must be remitted to the Family Court, Kings County, to set a schedule of visitation in accordance with the best interests of the children (*see Matter of Bonthu v Bonthu*, 67 AD3d 906, 907 [2009]). The visitation schedule must provide for daytime visitation in New York on holidays, during school recesses, and during summer vacations, while reserving some holidays and summer vacation days for the mother, and progressing so as to allow for some daytime visitation in California (*see Matter of Aguirre v Romano*, 73 AD3d 912, 914 [2010]), provided that the children are accompanied by the mother and the father pays for the children's airfare. The visitation schedule should also provide for reasonable telephone access that takes into consideration the father's work schedule. Rivera, J.P., Florio, Eng and Cohen, JJ., concur.