In a child custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Rockland County (Richardson-Mendelson, Ct. Atty. Ref.), dated July 5, 2012, which denied, without a hearing, her petition to modify certain provisions and to enforce other provisions of a prior amended order of custody and visitation of the Family Court, Orange County (Klein, J.), dated September 13, 2010.
Ordered that the order dated July 5, 2012 is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, the mother’s petition is granted to the extent that the visitation provisions of the amended order dated September 13, 2010, are modified by (1) deleting the provision thereof that the mother shall have visitation with the parties’ child on alternate weekends from Friday after school until Sunday at 7:00 p.m., and substituting therefor a provision that the mother shall have visitation with the child on alternate weekends from the close of the school day on Friday until the commencement of the school day on Monday morning, with the mother picking the child up from school on Friday and dropping her off at school on Monday, and (2) adding a provision thereto awarding the mother an additional period of visitation with the child every Wednesday from the close of the school day on *538 Wednesday until the commencement of the school day on Thursday morning, with the mother picking the child up from school on Wednesday and dropping her off at school on Thursday, and the matter is remitted to the Family Court, Rockland County, (1) to set a schedule for the mother to have visitation with the child on school holidays, with school holidays to be divided equally between the parents, (2) to specify the exact hours of the pickup and drop off times for the mother’s visitation on all school holidays she has visitation, and (3) for a hearing on those branches of the mother’s petition which were to enforce certain provisions of the amended order dated September 13, 2010, and a determination thereafter, and to establish an alternative visitation schedule if the mother studies abroad.
An amended order of the Family Court dated September 13, 2010 (hereinafter the September 2010 order), awarded sole custody of the parties’ child to the father and certain visitation to the mother. Following a lengthy hearing on the issue of custody, the Family Court found that, among other things, the child had the strongest bond with the mother, the father had demonstrated that he did not “fully appreciate the benefit of the child’s relationship with her mother,” and the mother had to repeatedly ask for court intervention in order to obtain visitation with the child during the pendency of that proceeding. Despite these findings, the Family Court awarded custody to the father and visitation to the mother on alternate weekends from “after school” on Friday until Sunday at 7:00 p.m., specified religious holidays, specified birthdays, Mother’s Day, two weeks of the child’s summer vacation, and “additional visitation as the parties agree.” Although the Family Court directed that “holidays shall be equally split between the parties,” the holiday visitation schedule accounted only for religious holidays, and did not specify the division of school holidays.
The mother filed the subject petition in January 2012 seeking (a) enforcement of certain provisions of the September 2010 order, (b) a specification of the exact hours that holiday visitation times began and ended, (c) a specification that her alternate weekend visitation commenced at the time that school ended on Friday, with the mother picking the child up directly from school, (d) an equal division of the child’s school holidays, (e) an expansion of her alternate weekend visitation so that instead of ending at 7:00 p.m. on Sunday, it would end at the time school begins on Monday morning, (e) an expansion of her visitation time so as to include one weeknight visitation, and (f) an alternate visitation schedule while the mother was attending a *539 religious study program in Israel. In an order dated July 5, 2012, the Family Court denied the petition in its entirety, inter alia, on the ground that the mother failed to demonstrate a material change in circumstances.
An existing visitation arrangement may be modified “upon [a] showing . . . that there has been a subsequent change of circumstances and that modification is required” (Family Ct Act § 652 [a]; see Matter of Wilson v McGlinchey, 2 NY3d 375, 380 [2004]). “Extraordinary circumstances are not a prerequisite to obtaining a modification; rather, the ‘standard ultimately to be applied remains the best interests of the child when all of the applicable factors are considered’ ” (Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381 [2004], quoting Friederwitzer v Friederwitzer, 55 NY2d 89, 95 [1982]; see Matter of Krom v Comerford, 57 NY2d 704, 705 [1982]; Matter of Zwillman v Kull, 90 AD3d 774, 775 [2011]; Matter of Tobares v Tobares, 64 AD3d 661, 662 [2009]; Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381 [2004]). “The best interests of the child generally lie in being nurtured and guided by both parents” (Matter of Ross v Morrison, 98 AD3d 515, 517 [2012]; see Matter of Zwillman v Kull, 90 AD3d 774, 775 [2011]; Matter of Jules v Corriette, 76 AD3d 1016, 1017 [2010]). “In order for the noncustodial parent to develop a meaningful, nurturing relationship with her [or his] child, visitation must be frequent and regular. Absent extraordinary circumstances, where visitation would be detrimental to the child’s well-being, a noncustodial parent has a right to reasonable visitation privileges” (Twersky v Twersky, 103 AD2d 775, 775-776 [1984] [citations omitted]; see Matter of Ross v Morrison, 98 AD3d 515, 517 [2012]; Matter of Zwillman v Kull, 90 AD3d 774, 775 [2011]; Matter of Tabares v Tabares, 64 AD3d 661, 662 [2009]; Pollack v Pollack, 56 AD3d 637, 638 [2008]).
While generally an evidentiary hearing is necessary to determine whether a modification of visitation is warranted, a hearing will not be necessary where the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child’s best interest (see Matter of Chaim N. [Angela N.], 103 AD3d 728, 729 [2013]; Matter of Ciara B. [Edward T. — Alba B.], 96 AD3d 833, 834 [2012]; Matter of Perez v Sepulveda, 51 AD3d 673 [2008]; Matter of Hom v Zullo, 6 AD3d 536 [2004]; Matter of Smith v Molody-Smith, 307 AD2d 364 [2003]).
Here, the submissions of the parties demonstrated that a change of circumstances had occurred and that modification of the existing award of visitation was in the child’s best interests *540 (see Matter of Ross v Morrison, 98 AD3d 515, 517 [2012]). Despite the directive of the Family Court in the September 2010 order that the mother “shall have additional visitation as the parties agree,” the record shows that the father has agreed to almost no visitation other than what is specifically delineated in that order. The father candidly admitted that he leaves the child with in-laws when he is out of town rather than giving the mother any additional visitation time, and, on the Fridays of the mother’s alternate weekend visitation, he requires the child to take a long bus ride to his home after school before the mother can commence her weekend visitation, thereby unnecessarily delaying the mother’s visitation time. The parties’ submissions also showed that the failure of the September 2010 order to specify the exact time that holiday visitation was to begin and end has led to disagreement between the parties, thereby warranting modification of the order (see Matter of Patsy M.C. v Lorna W.C., 165 AD2d 813 [1990]).
Consequently, under the circumstances of this case, it is appropriate to expand the visitation schedule to include weeknight visitation and to extend the alternate weekend visitation to Monday morning (cf. Matter of Tabares v Tabares, 64 AD3d 661, 662 [2009]; Matter of Gartmond v Conway, 40 AD3d 1094, 1095 [2007]; Matter of Brass v Otero, 40 AD3d 752, 753 [2007]; Chamberlain v Chamberlain, 24 AD3d 589, 593 [2005]; Matter of Heuthe v McLaren, 296 AD2d 500, 501 [2002]; Castro v Castro, 292 AD2d 556 [2002]). It is also appropriate to clarify the ambiguities in the existing schedule. The mother is entitled to pick up the child directly from school at the close of the school day on the Fridays of her alternate weekend visitation. She is also entitled to an equal share of visitation with the child on the child’s school holidays. We therefore remit the matter to the Family Court, Rockland County, to set a schedule for the mother to have visitation with the child on school holidays, with school holidays to be divided equally between the parents, and to specify the hours that all holiday visitation begins and ends (cf. Matter of Ross v Morrison, 98 AD3d 515, 516-517 [2012]).
In addition, contrary to the Family Court’s determination, the mother was not required to file a separate petition seeking enforcement of certain provisions of the September 2010 order related to counseling. The Family Court should have considered the mother’s enforcement claim on the merits (cf. Matter of Rodriguez v Hangartner, 59 AD3d 630, 631 [2009]; Matter of Danvers v Clarke, 29 AD3d 578, 579 [2006]). It also should have considered, on the merits, her request for an alternate visitation schedule in the event that she studies abroad. Accordingly, *541 we direct the Family Court, Rockland County, upon remittal, to conduct a hearing on those branches of the mother’s petition. Dillon, J.P., Roman, Miller and Hinds-Radix, JJ., concur.