■ In the Matter of OSWALDO RIVERA, Respondent, v KAREN FOWLER, Appellant. [978 NYS2d 48]—

In a child custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Budd, J.), dated January 13, 2012, as, after a hearing, awarded the father visitation with the children every weekend, beginning Saturday at noon and ending Sunday at 8:00 p.m., and did not specify the period of her visitation with the children during their summer vacation.

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof awarding the father visitation every weekend, beginning Saturday at noon and ending Sunday at 8:00 p.m., and substituting therefor a provision awarding the father visitation every other weekend, beginning Saturday at noon and ending Sunday at 8:00 p.m., and one overnight visit per week, and (2) by adding a provision thereto awarding the parties equal visitation time during the children's summer vacation; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith; and it is further,

Ordered that, pending determination of the new visitation schedule, the visitation provisions set forth in the order dated January 13, 2012, shall remain in effect.

An existing visitation arrangement may be modified "upon [a] showing . . . that there has been a subsequent change of cir-

cumstances and that modification is required" (Family Ct Act § 652 [a]; *see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]). "Extraordinary circumstances are not a prerequisite to obtaining a modification; rather, the 'standard ultimately to be applied remains the best interests of the child when all of the applicable factors are considered' " (*Matter of Wilson v Mc-Glinchey*, 2 NY3d at 381, quoting *Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]; *see Matter of Krom v Comerford*, 57 NY2d 704, 705 [1982]; *Matter of Zwillman v Kull*, 90 AD3d 774, 775 [2011]; *Matter of Tabares v Tabares*, 64 AD3d 661, 662 [2009]). "The best interests of the child generally lie in being nurtured and guided by both parents" (*Matter of Ross v Morrison*, 98 AD3d 515, 517 [2012]; *see Matter of Zwillman v Kull*, 90 AD3d at 775; *Matter of Jules v Corriette*, 76 AD3d 1016, 1017 [2010]).

Here, the parties demonstrated that a change of circumstances had occurred and that modification of the existing visitation arrangement was in the children's best interests (*see Matter of Grunwald v Grunwald*, 108 AD3d 537 [2013]; *Matter of Ross v Morrison*, 98 AD3d at 517). The existing visitation arrangement did not specify the exact time and date that weekly and summer vacation visitations were to begin, which led to disagreement between the parties, thereby warranting modification of that arrangement (*see Matter of Grunwald v Grunwald*, 108 AD3d at 537; *Matter of Patsy M.C. v Lorna W.C.*, 165 AD2d 813 [1990]).

However, the Family Court improvidently exercised its discretion in providing that the father have visitation every weekend, beginning Saturday at noon and ending Sunday at 8:00 p.m. The extent to which the noncustodial parent may exercise parenting time is a matter committed to the sound discretion of the hearing court, to be determined on the basis of the best interests of the child (*see Bluemer v Bluemer*, 47 AD3d 652 [2008]; *Matter of Kachelhofer v Wasiak*, 10 AD3d 366 [2004]; *Matter of Levande v Levande*, 308 AD2d 450, 451 [2003]; *Matter of Morash v Minucci*, 299 AD2d 486, 487 [2002]), consistent with the concurrent right of the child and the noncustodial parent to meaningful time together (*see Chamberlain v Chamberlain*, 24 AD3d 589 [2005]; *Matter of Grossman v Grossman*, 5 AD3d 486, 487 [2004]; *Matter of Ritz v Otero*, 265 AD2d 560 [1999]; *Matter of Mackey v Mackey*, 265 AD2d 329 [1999]; *Matter of Bradley v Wright*, 260 AD2d 477 [1999]). A visitation schedule that deprives the custodial parent of "any significant quality time" with the child is, however, excessive (*Matter of Felty v Felty*, 108 AD3d 705, 708 [2013] [internal quotation

marks omitted]; *Chamberlain v Chamberlain,* 24 AD3d at 593 [internal quotation marks omitted]; *Cesario v Cesario,* 168 AD2d 911, 911 [1990] [internal quotation marks omitted]). Here, the schedule established by the Family Court effectively deprived the mother of any significant quality time with the children during each weekend. Moreover, the Family Court improvidently exercised its discretion in failing to specify the period of the mother's visitation with the children during their summer vacation. In the circumstances presented, a more appropriate schedule, consistent with the parental rights and responsibilities of both parties, and the best interests of the children, should provide that the noncustodial father have visitation every other weekend, beginning Saturday at noon and ending Sunday at 8:00 p.m., and one overnight visit per week, and that the parties should have equal visitation time during the children's summer vacation. Accordingly, we remit the matter to the Family Court, Suffolk County, to set forth a new visitation schedule consistent herewith.

Contrary to the mother's contention, the attorney for the children took an active role in the proceeding and accorded the children effective assistance of counsel (*see Matter of West v Turner,* 38 AD3d 673, 674 [2007]; *Matter of Brittany W.,* 25 AD3d 560 [2006]; *Matter of Dewey S.,* 175 AD2d 920, 920-921 [1991]; *cf. Matter of Jamie TT.,* 191 AD2d 132, 137 [1993]; *Koppenhoefer v Koppenhoefer,* 159 AD2d 113, 117 [1990]).

The Family Court providently exercised its discretion in denying the mother's request to proceed pro se because her request was not unequivocal (*see Matter of Kathleen K. [Steven K.],* 17 NY3d 380, 386-387 [2011]; *People v White,* 60 AD3d 877, 878 [2009]). Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.