*817 In adjudicating custody rights, the most important factor to be considered is the best interests of the children (Eschbach v Eschbach, 56 NY2d 167 [1982]), which requires an evaluation of the “totality of [the] circumstances” (Friederwitzer v Friederwitzer, 55 NY2d 89, 95 [1982]). In this case, new facts and evidence, which this Court may properly consider, suggest that the current custodial arrangement may not be in the children’s best interests. In light of these new facts and evidence, the record before us is no longer sufficient to determine which custodial arrangement would be in the children’s best interests (see Matter of Michael B., 80 NY2d 299, 318 [1992]; Matter of Chow v Holmes, 63 AD3d 925, 925-926 [2009]; Matter of Gatke v Johnson, 50 AD3d 798 [2008]; Matter of Antonette Alaska E., 8 AD3d 375 [2004]). Accordingly, we remit the matter to the Supreme Court, Queens County, for a reopened hearing, at which the new facts and evidence shall be considered, and a new custody determination thereafter. We express no opinion as to the appropriate determination.
“When adjudicating visitation rights, the court’s first concern is ‘the welfare and interests of the children’ ” (McGrath v D’Angio-McGrath, 42 AD3d 440, 441 [2007], quoting Matter of Lincoln v Lincoln, 24 NY2d 270, 272 [1969]). Here, while we agree with the Supreme Court that the parties should share holidays and vacations with the children equally, the schedule created by the Supreme Court is ambiguous and unworkable. Additionally, the schedule unrealistically requires the parties to cooperate in coordinating their respective parenting time during the children’s summer vacations. Accordingly, we remit the matter to the Supreme Court, Queens County, to set forth a new schedule of holiday and vacation visitation that is in the best interests of the children (see Matter of Felty v Felty, 108 AD3d 705, 708-709 [2013]; Matter of Grunwald v Grunwald, 108 AD3d 537 [2013]; Matter of Ross v Morrison, 98 AD3d 515, 517 [2012]; Matter of Aguirre v Romano, 73 AD3d 912, 914 [2010]). The new schedule must allow the parties to share equally in the children’s vacations and holidays and must set forth unambiguous rules for establishing a summer vacation schedule.
*818 Moreover, the Supreme Court erred in failing to make its award of permanent child support retroactive to August 2, 2010, which was the date on which the mother caused copies of the summons and verified complaint, containing a demand for child support, to be served upon the father (see Domestic Relations Law § 236 [B] [7] [a]; Mosso v Mosso, 84 AD3d 757, 759 [2011]; Louzoun v Montalto, 70 AD3d 652, 653 [2010]; Higgins v Higgins, 50 AD3d 852, 854 [2008]).
Finally, the Supreme Court providently exercised its discretion in awarding the father a separate property credit in the sum of $150,000 with respect to the purchase of the marital residence (see Patete v Rodriguez, 109 AD3d 595, 597 [2013]; Tsigler v Kasymova, 73 AD3d 1159, 1160 [2010]; see generally Formica v Formica, 101 AD3d 805, 806 [2012]). Mastro, J.P., Lott, Austin and Hinds-Radix, JJ., concur.