■ In the Matter of MICHELLE RODRIGUEZ, Appellant, v ALEX JAVIER SILVA, Respondent. (Proceeding No. 1.) In the Matter of ALEX J. SILVA, Respondent, v MICHELLE RODRIGUEZ, Appellant. (Proceeding No. 2.) [993 NYS2d 733]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her notice of appeal and brief, from so much of an order of the Family Court, Queens County (Hunt, J.), dated June 6, 2013, as, after a hearing, awarded the father extended visitation with the parties' child during the father's vacation from employment, from the first Saturday of his vacation until Sunday of the following week, exercisable every six weeks, and directed that there are no geographical limitations on the father's visitation with the child.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.

The parties are the unmarried parents of a daughter, born in March 2010, who is the subject of these proceedings. The mother lives in Bayside, New York, and the father lives in Alexandria, Virginia. When the parties were romantically involved, they spent most of their time together in Virginia. At some point, they planned to have the subject child and continued their rela-

tionship during the first year of the child's life in both New York and Virginia. Sometime thereafter, the relationship ended.

In June 2011, the mother filed a petition for sole custody of the child. Thereafter, the Family Court issued a series of temporary orders of visitation regarding the father's access to the child. In April 2012, the father filed his own custody petition, contending that the mother was uncooperative in allowing him to visit with the child. After a multi-day hearing in April 2013, the court awarded legal and primary physical custody of the child to the mother, and awarded the father visitation on alternate weekends and extended visitation during his vacation from employment, from the first Saturday of his vacation until the Sunday of the following week, with such extended visits not to be exercised more than once every six weeks unless otherwise agreed by the parties. The court directed that there are no geographical limitations on the father's visitation. The mother challenges so much of the order as awarded the father extended visitation during his vacations, and directed that there are no geographical limitations on his visitation.

The determination of visitation to a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the child (*see Matter of Herrera v O'Neill*, 20 AD3d 422, 423 [2005]; *Matter of Kachelhofer v Wasiak*, 10 AD3d 366 [2004]; *Jordan v Jordan*, 8 AD3d 444 [2004]). "Where, as here, the court has conducted a complete evidentiary hearing on the issues of custody and visitation, its findings must be accorded great weight, and its custody and visitation determination will not be disturbed unless it lacks a sound and substantial basis in the record" (*Iacono v Iacono*, 117 AD3d 988, 988 [2014]; *see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]). The hearing court's determination "depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of the character, temperament, and sincerity of the parents" (*Maloney v Maloney*, 208 AD2d 603, 603 [1994]).

" 'The best interests of the child [generally] lie in his [or her] being nurtured and guided by both . . . parents [and] [i]n order for the noncustodial parent to develop a meaningful, nurturing relationship with [his or] her child, visitation must be frequent and regular. Absent extraordinary circumstances, where visitation would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable visitation privileges' " (*Pollack v Pollack*, 56 AD3d 637, 638 [2008], quoting *Twersky v Twersky*, 103 AD2d 775, 775-776 [1984]; *see Matter of Ross v Morrison*, 98 AD3d 515, 517 [2012]; *Matter of Zwillman v Kull*, 90 AD3d 774, 775 [2011]).

Here, the Family Court's determination not to impose geographical limitations on the father's visitation with the child has a sound and substantial basis in the record (*see Matter of Zwillman v Kull*, 90 AD3d at 775; *Bourne v Bristow*, 66 AD3d 621, 622 [2009]; *Pollack v Pollack*, 56 AD3d at 638).

With respect to the father's extended visitation during his vacations from employment, the Family Court properly considered the evidence at the hearing that separation of a child under the age of three from his or her primary caretaker for long periods may create stress for the child, and balanced that consideration with the child's age, which was over three years old at the time of the hearing, and the father's right to meaningful visitation, particularly where he had been actively involved in the child's life since birth. Accordingly, the extended visitation awarded to the father during his vacations, from Saturday until Sunday of the following week, exercisable every six weeks, has a sound and substantial basis in the record (*see Matter of Manzella v Milano*, 82 AD3d 1242 [2011]).

The mother contends that the extended visitation schedule unfairly deprives her of alternate weekends with the child. However, we cannot review that contention, as the Family Court's intention in this regard is ambiguous. The order is silent with respect to whether the interruption in the father's alternate-weekend visitation schedule, which would occur when the father exercises his entitlement to extended visitation encompassing two consecutive weekends, contemplates simple reversion to the alternate-weekend schedule in between the father's extended visits, or whether adjustments to the alternate-weekend schedule were contemplated, to give the mother compensating weekends. In addition, we agree with the mother that the court should have addressed the issue of holiday visitation in the order. Accordingly, we remit the matter to the Family Court, Queens County, for the issuance of an amended order resolving the aforementioned ambiguity with respect to the father's extended visitation and setting forth a schedule of holiday visitation that is in the best interests of the child (*see Gillis v Gillis*, 113 AD3d 816, 817 [2014]; *Matter of Felty v Felty*, 108 AD3d 705, 708-709 [2013]; *Matter of Grunwald v Grunwald*, 108 AD3d 537 [2013]; *Matter of Ross v Morrison*, 98 AD3d 515, 517 [2012]).

Under the circumstances of this case, we decline the father's request that we impose a sanction against the mother in connection with this appeal (*see generally* 22 NYCRR 130-1.1). Skelos, J.P., Dickerson, Cohen and Duffy, JJ., concur.