■ In the Matter of DUMAN RAZDAN, Respondent, v CECILIA MENDOZA-PAUTRAT, Appellant. (Proceeding No. 1.) In the Matter of CECILIA MENDOZA-PAUTRAT, Appellant, v DUMAN RAZDAN, Respondent. (Proceeding No. 2.) [27 NYS3d 641]—

Appeals from (1) an order of the Family Court, Queens County (Jane A. McGrady, Ct. Atty. Ref.), dated October 20, 2014, and (2) an order of that court dated October 21, 2014. The order dated October 20, 2014, insofar as appealed from, after a hearing, granted that branch of the father's petition which was to modify the visitation provisions of an order of custody and visitation dated July 6, 2010. The order dated October 21, 2014, insofar as appealed from, in effect, modified the visitation provisions of the order dated July 6, 2010, in accordance with the order dated October 20, 2014.

Ordered that the order dated October 20, 2014 is modified, on the facts and in the exercise of discretion, by deleting from the first decretal paragraph thereof the words "each weekend" and substituting therefor the words "alternate weekends"; as so modified, the order dated October 20, 2014 is affirmed insofar as appealed from, without costs or disbursements, and the order dated October 21, 2014 is modified accordingly; and it is further,

Ordered that the appeal from the order dated October 21, 2014 is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated October 20, 2014.

An order dated July 6, 2010, awarded custody of the parties' children to the mother and awarded certain visitation to the father. In July 2011, the father commenced a proceeding to modify the order dated July 6, 2010, and the mother petitioned for modification as well. The Family Court granted that branch of the father's petition which was to modify the previous order so as to award him certain increased visitation with the children, by awarding the father visitation with three of the parties' four children "each weekend" and visitation with the fourth child, who had special needs, on alternate weekends, with the hours of visitation limited to accommodate his therapy schedule. The mother appeals.

An order of custody or visitation may be modified only upon a showing that there has been a subsequent change of circumstances such that modification is required to ensure the best interests of the child (see Vollkommer v Vollkommer, 101 AD3d 1108 [2012]; Matter of James R.O. v Cond-Arnold, 99

AD3d 801 [2012]; *Matter of Aronowich-Culhane v Fournier*, 94 AD3d 1114 [2012]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]).

Based on the record here, the Family Court properly increased the father's visitation with his children (*see id.* at 171; *Matter of Ammirata v Ammirata*, 49 AD3d 829 [2008]). However, the award of visitation with three of the parties' four children "each weekend" was excessive, because it deprived the custodial parent of significant quality time with those children, and deprived the fourth child of contact with his siblings on the alternate weekends when he remained with his mother (*see Matter of Rivera v Fowler*, 112 AD3d 835 [2013]).

Accordingly, we modify the visitation provisions to provide that the father shall have visitation with all of his children on alternate weekends, with the hours of visitation with the parties' special needs child limited to accommodate his therapy schedule. Rivera, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.