Matter of Pena v Tiburcio (2018 NY Slip Op 03981)





Matter of Pena v Tiburcio


2018 NY Slip Op 03981


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-06121
 (Docket Nos. V-22414-10, V-15026-11)

[*1]In the Matter of Pedro Pena, respondent, 
v
Rosa Tiburcio, appellant.


Geanine Towers, Brooklyn, NY, for appellant.
Zvi Ostrin, New York, NY, for respondent.
Helene Bernstein, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Anne-Marie Jolly, J.), dated May 6, 2016. The order, insofar as appealed from, after a hearing, granted that branch of the father's petition which was to modify the physical access provisions of a prior order of custody and physical access of the same court dated September 9, 2008, so as to award him expanded physical access with the parties' child.
ORDERED that the order dated May 6, 2016, is affirmed insofar as appealed from, without costs or disbursements.
The father and the mother are the parents of the subject child. Pursuant to an order of custody and physical access dated September 9, 2008, the mother had sole physical custody of the child, and the father had certain physical access. Subsequently, the father filed a petition seeking to modify that order. After a hearing, the Family Court, inter alia, granted that branch of the father's petition which was to modify the physical access provisions of the order so as to award him expanded physical access with the child. The court determined that there had been a change in circumstances since the entry of that order in that the father had engaged in therapy to address his relationship with the child, and the child had expressed a desire to spend more time with the father. The mother appeals.
"A [physical access] order may be modified upon a showing of sufficient change in circumstances since the entry of the prior order such that modification is warranted to further the child's best interests" (Matter of Taylor v Taylor, 77 AD3d 669, 670; see Matter of Orellana v Orellana, 112 AD3d 720, 721). "The paramount concern when making a [physical access] determination is the best interests of the child[ ] under the totality of the circumstances" (Matter of Irizarry v Jorawar, _____ AD3d _____, 2018 NY Slip Op 03360 [2d Dept 2018]; see Matter of Diaz v Garcia, 119 AD3d 682; Matter of Orellana v Orellana, 112 AD3d at 721). "The best interests of the child lie in his being nurtured and guided by both natural parents" (Twersky v Twersky, 103 AD2d 775, 775; see Pollack v Pollack, 56 AD3d 637, 638). "In order for the noncustodial parent [*2]to develop a meaningful, nurturing relationship with the child, [physical access] must be frequent and regular" (Matter of Zwillman v Kull, 90 AD3d 774, 775; see Matter of Orellana v Orellana, 112 AD3d at 721). The Family Court's physical access determinations "should not be set aside unless they lack a sound and substantial basis in the record" (Matter of Jackson v Wylie-Tunstall, 159 AD3d 821, 822; see Matter of Orellana v Orellana, 112 AD3d at 721-722).
Here, the Family Court properly granted that branch of the father's petition which was to modify the physical access provisions of the order of custody and physical access dated September 9, 2008, so as to award him expanded physical access with the child. The father demonstrated that there had been a sufficient change in circumstances such that a modification of the physical access provisions of that order was necessary to ensure the continued best interests of the child (see Matter of Razdan v Mendoza-Pautrat, 137 AD3d 1149, 1150; Matter of Ammirata v Ammirata, 49 AD3d 829; cf. Matter of Abranko v Vargas, 26 AD3d 490, 491). The court's determination has a sound and substantial basis in the record before us, and there is no basis to disturb it (see Matter of Zwillman v Kull, 90 AD3d at 775; Matter of Manzella v Milano, 82 AD3d 1242).
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court