Matter of Vaccaro v Vaccaro (2019 NY Slip Op 09155)





Matter of Vaccaro v Vaccaro


2019 NY Slip Op 09155


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


1135 CAF 18-00105

[*1]IN THE MATTER OF VANESSA A. VACCARO, PETITIONER-RESPONDENT,
v
MATTHEW J. VACCARO, RESPONDENT-APPELLANT. 
IN THE MATTER OF VANESSA A. VACCARO, PETITIONER-RESPONDENT,
v
MATTHEW J. VACCARO, RESPONDENT-APPELLANT.
IN THE MATTER OF MATTHEW J. VACCARO, PETITIONER-APPELLANT,
v
VANESSA A. VACCARO, RESPONDENT-RESPONDENT. 






BRUCE C. ENTELISANO, ROME, FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.
RHEINHARDT & BRAY, P.C., ROME (JAMES S. RIZZO OF COUNSEL), FOR PETITIONER-RESPONDENT AND RESPONDENT-RESPONDENT.
SHARON P. O'HANLON, SYRACUSE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Oneida County (Julia M. Brouillette, J.), entered December 8, 2017 in proceedings pursuant to Family Court Act articles 6 and 8. The order, among other things, continued the joint custody arrangement with primary physical residence to petitioner-respondent Vanessa A. Vaccaro. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act articles 6 and 8, respondent-petitioner father appeals from an order that, inter alia, granted the petitions of petitioner-respondent mother insofar as they sought to modify the visitation provisions of the judgment of divorce order by eliminating the father's morning visits with the child.
Initially, we note that, contrary to the father's contention, the gaps in the trial transcript resulting from inaudible parts of the audio recording "are not so significant as to preclude meaningful review of the order on appeal" (Matter of Van Court v Wadsworth, 122 AD3d 1339, 1340 [4th Dept 2014], lv denied 24 NY3d 916 [2015]; cf. Matter of Alessio v Burch, 78 AD3d 1620, 1620 [4th Dept 2010]; Matter of Jordal v Jordal, 193 AD2d 1102, 1102 [4th Dept 1993]).
We reject the father's further contention that Family Court erred in failing to apply the extraordinary circumstances standard when evaluating the mother's modification petitions. "Once a visitation order is entered, it may be modified only upon a showing that there has been a subsequent change of circumstances and modification is required' . . . Extraordinary [*2]circumstances are not a prerequisite to obtaining a modification; rather, the standard ultimately to be applied remains the best interests of the child when all of the applicable factors are considered' " (Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381 [2004]; see Matter of Macri v Brown, 133 AD3d 1333, 1333-1334 [4th Dept 2015]; Matter of Rivera v Fowler, 112 AD3d 835, 835-836 [2d Dept 2013]; Matter of Grunwald v Grunwald, 108 AD3d 537, 539 [2d Dept 2013]). It is well settled that " the continued deterioration of the parties' relationship is a significant change in circumstances' " warranting an inquiry into whether a modification of visitation is in the child's best interests (Matter of Noble v Gigon, 165 AD3d 1640, 1640 [4th Dept 2018], lv denied 33 NY3d 902 [2019]), and we agree with the court that such a further deterioration occurred here after the entry of the judgment of divorce.
Contrary to the father's contention, we conclude that the court conducted a proper best interests analysis and that a sound and substantial basis in the record supports its determination that it is in the child's best interests to eliminate the father's morning visits (see generally Matter of Shaffer v Woodworth, 175 AD3d 1803, 1804 [4th Dept 2019]; Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018]).
We have considered the father's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court