Matter of Sloma v Saya (2022 NY Slip Op 06587)

Matter of Sloma v Saya

2022 NY Slip Op 06587

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND NEMOYER, JJ.

748 CAF 21-01162

[*1]IN THE MATTER OF ERIC M. SLOMA, PETITIONER-RESPONDENT,
v
MICHELE A. SAYA, RESPONDENT-RESPONDENT. SUSAN B. MARRIS, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. 

SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILD, APPELLANT PRO SE. 

 Appeal from an order of the Family Court, Onondaga County (Robert E. Antonacci, II, J.), entered July 9, 2021 in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, dismissed the petition for a modification of custody. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the petition is reinstated, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, the Attorney for the Child (AFC), as limited by her brief, appeals from an order insofar as it dismissed petitioner father's petition seeking to modify the parties' custody arrangement. Family Court determined at the conclusion of the father's presentation of evidence at a trial that he failed to establish a change in circumstances and granted respondent mother's motion to dismiss the father's petition. Initially, we agree with the AFC that, under the circumstances of this case, she has standing to appeal the order (see Matter of Newton v McFarlane, 174 AD3d 67, 71-74 [2d Dept 2019]; cf. Matter of Lawrence v Lawrence, 151 AD3d 1879, 1879 [4th Dept 2017]; Matter of Kessler v Fancher, 112 AD3d 1323, 1323 [4th Dept 2013]).
We agree with the AFC that the child received ineffective assistance of counsel. We therefore reverse the order insofar as appealed from, reinstate the petition, and remit the matter to Family Court for a new trial. Section 7.2 of the Rules of the Chief Judge provides that, in proceedings such as an article 6 custody proceeding where the child is the subject and an AFC has been appointed pursuant to Family Court Act § 249, the AFC "must zealously advocate the child's position" (22 NYCRR 7.2 [d]). "[I]n ascertaining the child's position, the [AFC] must consult with and advise the child to the extent of and in a manner consistent with the child's capacities, and have a thorough knowledge of the child's circumstances" (22 NYCRR 7.2 [d] [1]). "[I]f the child is capable of knowing, voluntary and considered judgment, the [AFC] should be directed by the wishes of the child, even if the [AFC] believes that what the child wants is not in the child's best interests" (22 NYCRR 7.2 [d] [2]). There are two exceptions, not relevant here, where the child lacks the capacity for knowing, voluntary and considered judgment, or following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child (see 22 NYCRR 7.2 [d] [3]). In those instances, the AFC is justified in advocating for a position that is contrary to the child's wishes (see id.).
Moreover, a child in an article 6 custody proceeding is entitled to effective assistance of counsel (see Matter of Rivera v Fowler, 112 AD3d 835, 837 [2d Dept 2013]; Matter of Sharyn PP. v Richard QQ., 83 AD3d 1140, 1143 [3d Dept 2011]; Matter of Ferguson v Skelly, 80 AD3d 903, 906 [3d Dept 2011], lv denied 16 NY3d 710 [2011]), which requires the AFC to take an active role in the proceeding (see Matter of Payne v Montano, 166 AD3d 1342, 1343-1345 [3d Dept 2018]; Rivera, 112 AD3d at 837).
Here, the AFC at trial made his client's wish that there be a change in custody known to the court, but he did not "zealously advocate the child's position" (22 NYCRR 7.2 [d]; see Payne, 166 AD3d at 1345; see also Matter of Brian S. [Tanya S.], 141 AD3d 1145, 1147 [4th Dept 2016]). He did not cross-examine the mother, the police officers, or the school social worker called by the father, and we agree with the AFC on appeal that the trial AFC's cross-examination of the father was designed to elicit unfavorable testimony related to the father, thus undermining the child's position (see Silverman v Silverman, 186 AD3d 123, 127-128 [2d Dept 2020]; Brian S., 141 AD3d at 1147-1148). His questioning also seemed designed to show that there was no change in circumstances since the entry of the last order. Further, he submitted an email to the court in response to the mother's motion to dismiss in which he stated his opinion that there had been no change in circumstances, which again went against his client's wishes (see generally Brian S., 141 AD3d at 1147). While we conclude that the AFC's actions may have been the result of good intentions, we further conclude that he did not "zealously advocate the child's position" (22 NYCRR 7.2 [d]), and thus the child was denied effective assistance of counsel (see Silverman, 186 AD3d at 127-129; Payne, 166 AD3d at 1345; cf. Rivera, 112 AD3d at 837; Matter of Venus v Brennan, 103 AD3d 1115, 1116-1117 [4th Dept 2013]).
In light of our determination, we see no need to address the AFC's further contention on appeal that the father established a change in circumstances.
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court