Matter of Jackson v Hall (2025 NY Slip Op 00447)

Matter of Jackson v Hall

2025 NY Slip Op 00447

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2024-00832
 (Docket No. V-1846-16)

[*1]In the Matter of Michael Jackson, appellant, 
v
Sherrie Hall, respondent.

Peter Wilner, Jamaica, NY, for appellant.
Richard L. Herzfeld, New York, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Laura Solecki and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Nisha Menon, J.), dated January 11, 2024. The order, insofar as appealed from, after a hearing, denied the father's petition for parental access with the subject child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the unmarried parents of a child who was born in May 2007 and has resided solely with the mother since 2009. In January 2016, the father filed a petition for parental access with the child. After a hearing, the Family Court denied the father's petition. The father appeals.
"Parental access is a joint right of the noncustodial parent and of the child" (Matter of Munroe v Smith, 189 AD3d 1595, 1598 [alteration and internal quotation marks omitted]; see Matter of Zwillman v Kull, 90 AD3d 774, 775). "When adjudicating [parental access] rights, the court's first concern is the welfare and interests of the child" (Matter of Stones v Vandenberge, 127 AD3d 1213, 1215 [internal quotation marks omitted]; see Matter of Anthony M.P. v Ta-Mirra J.H., 125 AD3d 868, 868). Inasmuch as the best interests of the child generally lie in being nurtured and guided by both parents (see Matter of Gonzalez v Santiago, 167 AD3d 887, 889), "[i]t is generally in the best interest of the child for a rapport to be established with the noncustodial parent" (Matter of Schack v Schack, 98 AD2d 802, 802; see Zafran v Zafran, 28 AD3d 753, 755). Thus, "[a] noncustodial parent is entitled to meaningful parental access, and denial of that right must be based on substantial evidence that parental access would be detrimental to the welfare of the child" (Matter of Justice F. [Jessica V.], 192 AD3d 1025, 1027; see Matter of Rodriguez v Silva, 121 AD3d 794, 795).
"'[T]he determination of [parental access] is within the sound discretion of the trial court based upon the best interests of the child, and its determination will not be set aside unless it [*2]lacks a sound and substantial basis in the record'" (Matter of Justice F. [Jessica V.], 192 AD3d at 1027, quoting Matter of Sinnott-Turner v Kolba, 60 AD3d 774, 775). While the express wishes of children are not controlling, they are entitled to great weight, particularly where the children's age and maturity would make their input particularly meaningful (see Matter of Kocowicz v Kocowicz, 306 AD2d 285; Koppenhoefer v Koppenhoefer, 159 AD2d 113, 117). However, a court may not delegate its authority to determine parental access to either a parent or a child (see Mondschein v Mondschein, 175 AD3d 686, 687).
Here, giving due consideration to the wishes, age, and maturity of the child, the Family Court providently exercised its discretion in declining to schedule parental access between the father and the child, who was almost 17 years old at the time of the court's determination and had a strained relationship with the father (see Matter of Sullivan v Plotnick, 145 AD3d 1018, 1021).
The father's remaining contentions are unpreserved for appellate review and, in any event, without merit.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court