■ In the Matter of LEON NEUMAN, Respondent, v SARAH E. NEUMAN, Appellant. [662 NYS2d 596] —In a visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Bivona, J.), dated April 28, 1997, which granted the father's petition for visitation with the parties' daughter under the supervision of the daughter's paternal grandfather.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, and the petition is denied without prejudice to renewal of the application upon the completion of a psychiatric evaluation of the father.

Under the specific circumstances of the instant matter, the Family Court improvidently exercised its discretion in awarding the father supervised visitation, to be supervised by the child's paternal grandfather, without first requiring the father to undergo a complete psychiatric evaluation. Two mental health professionals recommended that the father be evaluated in light of the allegations that he sexually abused his daughter, notwithstanding that a child protective investigation resulted in a conclusion that the allegations were unfounded. The Family Court itself appreciated a need for an evaluation

as its order declared that the father would be required to submit to an evaluation as a condition of any future applications for increased or unsupervised visitation. In light of the language barrier that may have impeded a complete investigation into the underlying allegations, and in light of the less than conclusive evidence that visitation supervised by the paternal grandfather will be consistent with the child's best interests, we deem it the more provident course to direct that the father undergo a psychiatric evaluation now, before a resumption of visitation is permitted (*see, Resnick v Zoldan*, 134 AD2d 246). Upon completion of the requisite evaluation the father may renew his application for visitation so that the court may render a more informed determination. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.