■ In the Matter of RASHAWN L.B. JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent; AYANA H., Appellant. (Proceeding No. 1.) In the Matter of RAYANA B. JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent; AYANA H., Appellant. (Proceeding No. 2.) [778 NYS2d 57]—

In two related proceedings, inter alia, pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground that she is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care of the subject children, the mother appeals (1) from a fact-finding order of the Family Court, Queens County (Hunt, J.), dated March 4, 2003, which, after a fact-finding hearing, terminated her parental rights and transferred custody and guardianship of the children to the petitioner and the commissioner of Social Services of the City of New York for the purpose of adoption, and (2), as limited by her brief, from so much of two orders of disposition of the same court, both dated April 22, 2003, as granted the same relief separately as to each child.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the orders of disposition dated April 22, 2003; and it is further,

Ordered that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contentions, the petitioner demonstrated by clear and convincing evidence that she is currently, and for the foreseeable future will continue to be, unable to provide proper and adequate care for her children by reason of her mental illness (see Social Services Law § 384-b [4] [c]; *Matter of Heather Rose R.*, 301 AD2d 530 [2003]; *Matter of Laura D.*, 270 AD2d 260, 261 [2000]).

After interviewing the mother, and reviewing background information pertaining to her family and a prior psychiatric evaluation of the mother, the court-appointed psychologist testified that she suffers from antisocial personality disorder, causing her to behave impulsively and act with disregard to the rights and well-being of others. He expressed the opinion that because the mother's condition was chronic, pervasive, and highly resistant to treatment, and because she had little insight into her behavioral problems, it was very likely that her children would be placed at risk if they were returned to her. The expert's opinion was supported by the mother's own account of her erratic behavior, including prior convictions for assaulting one of

her husband's girlfriends with a fork, possessing a loaded gun in a car in which she and her child were passengers, and removing her children from foster care and taking them to Ohio in violation of a court order. Moreover, she has exhibited a readiness to blame others for her actions, and rejected treatment while incarcerated for custodial interference. This evidence was clearly sufficient to support the Family Court's findings (*see Matter of Nina D.,* 6 AD3d 702 [2004]).

The mother's claim of ineffective assistance of counsel rests primarily on matter dehors the record, which cannot fully be reviewed on direct appeal. To the extent that we are able to review the claim, the performance of the mother's assigned counsel met the standard of meaningful representation (*see Matter of Bryan W.,* 299 AD2d 929 [2002]; *Matter of Erin G.,* 139 AD2d 737, 739 [1988]; *cf. People v Baldi,* 54 NY2d 137, 147 [1981]).

The mother's remaining contentions either are unpreserved for appellate review or without merit. Santucci, J.P., Smith, Crane and Fisher, JJ., concur.