In the Matter of SHAFIQUR R. KHAN, Respondent, v NAJMA BEGUM DOLLY, Appellant. [833 NYS2d 608]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (DePhillips, J.), dated January 4, 2006, which, after a hearing, inter alia, awarded custody of the subject child to the father and directed that the mother's visitation with the subject child be supervised.

Ordered that the order is affirmed, with costs.

The mother's contention that errors by the Family Court during the hearing warrant a new hearing to determine custody of the subject child is without merit. Contrary to the mother's contention, the Family Court did not err in considering reports of forensic evaluations performed in connection with prior custody and visitation proceedings between the parties concerning the subject child. In general, as this Court stated in a prior appeal in this matter (see Matter of Khan v Dolly, 6 AD3d 437, 439 [2004]), in a custody proceeding, the court's "reliance upon professional reports without the consent of the parties is impermissible, since such reports contain inadmissible hearsay" (id. at 439). In the instant proceeding, however, the Family Court expressly stated that it did not rely on the prior evaluations in making its determination. Rather, the Family Court considered the prior evaluations for the limited purpose of evaluating the credibility of an expert witness, who testified as the court's witness. Thus, contrary to the mother's contention, the prior evaluations were not inadmissible hearsay since they were not admitted for the truth of the matters asserted therein. Further, unlike in the prior proceeding, the parties here were given ample opportunity to cross-examine the expert witness whose forensic psychological report the court relied upon in

determining the issues of custody and visitation. In any event, the parties' testimony and the expert witness's forensic psychological report provided a substantial basis for the Family Court's determination to award custody to the father (*see Matter of Chambers v Bruce,* 292 AD2d 525, 526 [2002]).

The mother's contention that the Family Court should have made a finding of parental alienation against the father and, on that basis, awarded custody to her, is without merit (*cf. Bobinski v Bobinski,* 9 AD3d 441, 441 [2004]).

The mother's contention that the Family Court erred in denying her counsel's motion to be relieved is also without merit. "An attorney may withdraw from representing a client for good and sufficient cause" (*Winters v Rise Steel Erection Corp.,* 231 AD2d 626, 626 [1996]; *see* Code of Professional Responsibility DR 2-110 [c] [6] [ 22 NYCRR 1200.15 (c) (6)]). "The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court, and the court's decision should not be overturned absent a showing of an improvident exercise of discretion" (*Cashdan v Cashdan,* 243 AD2d 598, 598 [1997]). In moving to be relieved, the mother's counsel asserted only that he was resigning from the 18B panel and moving his office "out of the jurisdiction." He made his motion to be relieved on April 27, 2005, when the hearing herein had been under way for almost five months, after having represented the mother in the proceedings, albeit not continuously, since April 2001. Under the circumstances, the Family Court's denial of his motion was not an improvident exercise of its discretion (*see Wilson v Wilson,* 21 AD3d 548, 548 [2005]; *Cashdan v Cashdan, supra*).

A subsequent application by the mother's counsel to be relieved on the ground that counsel intended to commence a federal lawsuit against the judge was also properly denied after the Family Court determined that the lawsuit was unrelated to the instant proceeding.

Also unavailing is the mother's contention that the Trial Judge erred in failing to recuse himself or declare a mistrial when, on the last hearing date of the proceeding, the mother's counsel advised the court that the federal lawsuit, naming the Trial Judge as a defendant, had actually been commenced. Absent a legal disqualification under Judiciary Law § 14, a trial judge is the sole arbiter of recusal and his or her decision in that regard will not be lightly overturned (*see People v Moreno,* 70 NY2d 403, 405-406 [1987]; *Matter of Stampfler v Snow,* 290 AD2d 595, 596 [2002]). "Recusal, as a matter of due process, is required only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion, or

where a clash in judicial roles is seen to exist" (*People v Alomar,* 93 NY2d 239, 246 [1999] [citations omitted]; *Matter of Stampfler v Snow, supra* at 596; *People v Grier,* 273 AD2d 403, 405 [2000]).

The mother concedes that there was no statutory basis for the Trial Judge's disqualification, and nothing in the record indicates that the Trial Judge had a direct, personal, substantial, or pecuniary interest in the outcome of the custody litigation. Nor did there exist a clash in judicial roles since the Trial Judge's role in the federal litigation was that of a defendant (*cf. Matter of Stampfler v Snow, supra* at 596). Further, given the lengthy proceedings affecting the welfare of the subject child, the Family Court acted within its discretion in declining to declare a mistrial on the final hearing date before it rendered its custody and visitation determination.

The Family Court also providently exercised its discretion in directing that visitation by the mother take place within a therapeutic, supervised setting. "The determination of visitation to a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the child" (*Matter of Thomas v Thomas,* 35 AD3d 868, 869 [2006], quoting *Matter of Herrera v O'Neill,* 20 AD3d 422, 423 [2005]). A court's determination as to visitation is based upon, among other things, its assessment of the credibility of the witnesses and upon assessments of the character, temperament, and sincerity of the parents (*see Matter of Herrera v O'Neill, supra* at 423). Its determination should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Kachelhofer v Wasiak,* 10 AD3d 366, 366 [2004]). Under the facts of this case, the Family Court's determination as to visitation should not be disturbed.

The mother's remaining contentions are without merit. Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.