■ In the Matter of PIERRE PATRICK, Respondent, v YOLANDA FARRIS, Appellant. [835 NYS2d 617]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from stated portions of an order of the Family Court, Suffolk County (Lynaugh, J.), entered January 3, 2006, which, after a hearing, and, inter alia, upon denying the father's petition to modify custody, modified a prior order of the same court (Spinner, J.), entered March 22, 2002, as amended July 14, 2003, by directing, among other things, that the father shall have visitation with the subject child during the first three weekends of each month.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof directing that the father shall have visitation with the subject child during the first three weekends of each month and substituting therefor a provision directing that the father shall have visitation with the subject child during the first and third weekends of each month; as so modified, the order is affirmed insofar as appealed from, and the order entered March 22, 2002, as amended July 14, 2003, is modified accordingly, without costs or disbursements.

After a hearing, the Family Court, inter alia, denied the father's petition to modify custody. The Family Court determined, however, that it would be in the best interests of the child to increase the amount of visitation previously stipulated to by the parties and set forth in a prior order of the court. On appeal, the mother contends, among other things, that the visitation schedule gives the father excessive visitation.

"The extent to which the noncustodial parent may exercise parenting time is a matter committed to the sound discretion of the hearing court, to be determined on the basis of the best interests of the child . . . consistent with the concurrent right of the child and the noncustodial parent . . . to meaningful time together" (*see Chamberlain v Chamberlain*, 24 AD3d 589, 592 [2005] [citations omitted]). "A visitation schedule that deprives the custodial parent of any significant quality time with the child is, however, excessive" (*Chamberlain v Chamberlain, supra* at 593 [internal quotation marks and citation omitted]; *see Cesario v Cesario*, 168 AD2d 911 [1990]). Here, the visitation schedule ordered by the Family Court had that effect by allowing the father visitation with the school-aged child three weekends a month. "[A] more appropriate schedule, consistent with the parental rights and responsibilities of both parties" (*see Chamberlain v Chamberlain, supra* at 593), would be for the father to have visitation on the first and third weekends of each month, especially given the other times he is afforded visitation with the child.

Otherwise, the Family Court's determination regarding visitation has a sound and substantial basis in the record (*see Matter of Herrera v O'Neill*, 20 AD3d 422 [2005]; *Matter of Patsy M.C. v Lorna W.C.*, 165 AD2d 813 [1990]).

The mother's remaining contention is without merit. Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.