■ In the Matter of DENNIS D. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; DENNIS D., Respondent. ELIZABETH A. JUSTESEN, Nonparty Appellant. (Proceeding No. 1.) In the Matter of MOLLY D. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; DENNIS D., Respondent. ELIZABETH A. JUSTESEN, Nonparty Appellant. (Proceeding No. 2.) In the Matter of ANNA D. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; DENNIS D., Respondent. ELIZABETH A. JUSTESEN, Nonparty Appellant. (Proceeding No. 3.) [922 NYS2d 90]—

In three related child neglect proceedings pursuant to Family Court Act article 10, Elizabeth A. Justesen, the Attorney for the Children, appeals, as limited by her brief, from stated portions of an order of the Family Court, Suffolk County (Tarantino, Jr., J.), dated April 26, 2010, which, inter alia, after a hearing, denied that branch of her motion which was to prevent the paternal grandparents from supervising the father's visitation with the subject children, granted the, in effect, application of the father for supervised overnight visitation with the subject children, and failed to require the father to obtain a mental health evaluation at the direction of the Suffolk County Department of Social Services as a condition of the extension of the father's supervision by the Suffolk County Department of Social Services, and the Suffolk County Department of Social Services separately appeals from stated portions of the same order. By decision and order on motion of this Court dated May 17, 2010, enforcement of so much of the order as permitted the father to have supervised overnight visitation with the subject children was stayed pending the hearing and determination of the appeal.

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof granting the, in effect, application of the father for supervised overnight visitation with the subject children, and substituting therefor a provision denying that application, and (2) by adding a provision thereto requiring the father to obtain a mental health evaluation at the direction of the Suffolk County Department of Social Services as a condition of the extension of the father's supervision by the Suffolk County Department of Social Services; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In an order of fact-finding and disposition dated October 31, 2007, made upon the father's admission, the Family Court determined that the father had neglected the subject children by engaging in acts of domestic violence. The Family Court placed the father under the supervision of the Suffolk County Department of Social Services (hereinafter the DSS) for a period of one year upon the conditions, inter alia, that, at the DSS's direction, he obtain a mental health evaluation and participate in a sex offender treatment program. The Family Court also directed the father to have no contact with the children, who were in the mother's custody.

In September 2008 the DSS commenced a proceeding to extend the period of supervision of the father, alleging that he had not yet obtained a mental health evaluation or participated in a sex offender treatment program. In an order dated October 10, 2008, the Family Court extended the period of supervision of the father for an additional year, upon the conditions, inter alia, that, at the DSS's direction, he obtain a mental health evaluation and participate in a sex offender treatment program. Additionally, the Family Court allowed the father to have therapeutic visitation with the children. In a separate order of protection issued on the same date, the Family Court directed the father to stay away from the children "except for visitation supervised by DSS/approved person(s)." According to the Attorney for the Children, in April 2009 the Family Court approved the paternal grandparents (hereinafter the grandparents) to supervise visits between the father and the children, and scheduled supervised visits on Sundays between 9:00 A.M. and 5:00 or 6:00 P.M. In September 2009 the DSS commenced another proceeding to extend the period of supervision of the father, alleging that the father still had not complied with the Family Court's mandate to obtain a mental health evaluation at the DSS's direction. Separately, the Attorney for the Children moved, inter alia, to prevent the grandparents from supervising the father's visita-

tion with the children, alleging that the grandparents were not providing proper supervision during the visits. At the ensuing hearing, at which the father, the mother, and the grandparents testified, the father, in effect, made an application for supervised overnight visitation with the children.

In the order appealed from, the Family Court, inter alia, granted the, in effect, application of the father for supervised overnight visitation, denied that branch of the motion of the Attorney for the Children which was to prevent the grandparents from supervising the father's visitation, and extended the period of supervision of the father without requiring him to obtain a mental health evaluation at the direction of the DSS as a condition of his supervision.

The Family Court did not improvidently exercise its discretion in denying that branch of the motion of the Attorney for the Children which was to prevent the grandparents from supervising the father's visitation with the children. The determination of visitation to a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the children, and it should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Khan v Dolly*, 39 AD3d 649, 651 [2007]; *Matter of Thomas v Thomas*, 35 AD3d 868, 869 [2006]). Here, the Family Court's determination that continuing to allow the grandparents to supervise the visits between the father and the children was in the best interests of the children has a sound and substantial basis in the record, as the hearing evidence established that the grandparents were appropriately and responsibly supervising those visits (*see Matter of Taylor v Fry*, 47 AD3d 1130, 1132 [2008]; *cf. Matter of Wormuth v Mathis*, 58 AD3d 923, 924 [2009]; *Matter of Anaya v Hundley*, 12 AD3d 594, 595-596 [2004]).

However, the Family Court should have required the father to obtain a mental health evaluation at the direction of the DSS as a condition of his supervision when it extended the period of the father's supervision by the DSS. The Family Court itself previously appreciated the need for such an evaluation, as it set forth this requirement as a condition of the father's supervision by the DSS in both the October 2007 order of disposition and the October 2008 order extending the supervision period (*see Matter of Neuman v Neuman*, 243 AD2d 481, 481-482 [1997]), and it did not provide any rationale for subsequently omitting this requirement as a condition of supervision (*see generally* Family Ct Act § 1057). Accordingly, we modify the order appealed from so as to require the father to obtain a mental health evaluation at the direction of the DSS as a condition of his supervision.

Finally, in light of the father's failure to comply with the condition of his supervision requiring him to obtain a mental health evaluation at the direction of the DSS, a court-ordered condition which, at the time of the hearing, had been in effect since 2007, the Family Court improvidently exercised its discretion in granting the, in effect, application of the father for supervised overnight visitation with the children. The record does not support a finding that, in the absence of the completion of this mental health evaluation, awarding the father supervised overnight visitation was in the children's best interests (*cf. Matter of Lamarche v Jessie*, 74 AD3d 1341, 1342 [2010]; *Matter of Jave v Danial*, 70 AD3d 696 [2010]; *Matter of Sahara K.*, 66 AD3d 1024, 1025 [2009]).

In light of our determination, we need not reach the remaining contentions of the Attorney for the Children. Covello, J.P., Hall, Lott and Cohen, JJ., concur.