In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Hunt, J), dated September 1, 2011, which, in effect, confirmed an order of the same court (Fondacaro, S.M.), dated August 17, 2011, which found, after a hearing, that he willfully violated the child support obligations set forth in the parties’ judgment of divorce dated July 30, 2002, and committed him to the custody of the New York City Department of Corrections for a term of imprisonment of six months.
Ordered that the appeal from so much of the order dated September 1, 2011, as committed the father to the custody of the New York City Department of Corrections for a period of six months is dismissed, as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Rodriguez v Suarez, 93 AD3d 730 [2012]); and it is further,
Ordered that the order dated September 1, 2011, is affirmed insofar as reviewed, without costs or disbursements.
*700 The Family Court properly confirmed the Support Magistrate’s finding that the father willfully violated the child support provisions of the parties’ judgment of divorce. Proof of the failure to pay child support constitutes “ ‘prima facie evidence of a willful violation,’ ” and shifts the burden to the obligor to come forward with competent, credible evidence of his or her inability to pay (Matter of Brennan v Burger, 63 AD3d 922, 923 [2009], quoting Family Ct Act § 454 [3] [a]; see Matter of Powers v Powers, 86 NY2d 63, 69 [1995]). The mother’s prima facie showing that the father owed approximately $100,000 in child support arrears shifted the burden to the father to come forward with competent, credible evidence that his failure to pay child support in accordance with the terms stipulated to, and incorporated in, the parties’ 2002 judgment of divorce was not willful (see Matter of Powers v Powers, 86 NY2d at 69). The father failed to satisfy that burden (see e.g. Matter of Vickery v Vickery, 63 AD3d 1220, 1221 [2009]).
The father’s claim that he was deprived of the effective assistance of counsel is without merit. Contrary to the father’s contention, viewed in totality, the record reveals that he received meaningful representation (see Matter of Rodriguez v Suarez, 93 AD3d 730 [2012]; Matter of Barrier v Williams, 84 AD3d 805, 806 [2011]; Matter of Jarrett v Mosslih, 34 AD3d 808, 809 [2006]; Matter of DeCamp v DeCamp, 8 AD3d 274, 275 [2004]; Matter of Wright v Lyons, 288 AD2d 481 [2001]). Rivera, J.P., Dillon, Leventhal and Chambers, JJ., concur.