■ In the Matter of RICHARD CHAMAS, Respondent, v VICTORIA CARINO, Appellant. [987 NYS2d 871]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Supreme Court, Westchester County (IDV Part) (Walker, J.), entered January 31, 2013, which, after a hearing, granted the father's petition for sole custody of the parties' child, with certain visitation to her.

Ordered that the order is affirmed, without costs or disbursements.

"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (*Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Because custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Otero v Nieves*, 77 AD3d 756, 756-757 [2010]; *see Matter of Blakeney v Blakeney*, 99 AD3d 898 [2012]; *Matter of Gorsky v Kessler*, 78 AD3d 834 [2010]).

Here, the Supreme Court gave careful consideration to all relevant factors. While certain factors favored an award of custody to the mother, the Supreme Court's determination, based on the totality of the circumstances, that the child's best interests would be served by an award of sole custody to the father, is supported by a sound and substantial basis in the record (*see Matter of Lawlor v Eder*, 106 AD3d 739 [2013]; *Matter of Galanos v Galanos*, 28 AD3d 554 [2006]; *Matter of Plaza v Plaza*, 305 AD2d 607 [2003]). Accordingly, the Supreme Court's determination will not be disturbed on appeal.

The mother's claim of ineffective assistance of counsel rests partially on matter which is dehors the record and not properly before this Court on this appeal (*see Matter of Ruvolo v Herrera*, 62 AD3d 1012 [2009]; *Matter of Rashawn L.B.*, 8 AD3d 267 [2004]). To the extent this claim is reviewable, the record, viewed in totality, shows that the mother received meaningful representation (*see Matter of Dylan Mc. [Michelle M. Mc.]*, 105 AD3d 1049, 1050 [2013]; *Matter of Marra v Hernandez*, 102 AD3d 699, 700 [2013]; *Matter of Larrier v Williams*, 84 AD3d 805, 806 [2011]).

The issues raised by the mother regarding a certain award of temporary custody to the father are academic. The temporary custody award is no longer of any effect, and any alleged defect in the temporary award does not render defective the permanent order awarding sole custody to the father, which was based upon a full and fair hearing (*see Haggerty v Haggerty*, 78 AD3d 998, 999 [2010]; *Matter of Miller v Shaw*, 51 AD3d 927, 927-928 [2008]; *Cucinello v Cucinello*, 234 AD2d 365, 366 [1996]). Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.