■ In the Matter of Sharline L. Gayle McDaniel, Respondent, v Barrington P. McDaniel, Respondent. Matthew M. et al., Nonparty Appellants. (Proceeding No. 1.) In the Matter of Barrington P. McDaniel, Respondent, v Sharline L. Gayle McDaniel, Respondent. Matthew M. et al., Nonparty Appellants. (Proceeding No. 2.) [34 NYS3d 499]—Appeals from (1) a decision of the Family Court, Nassau County (Merik R. Aaron, J.), dated November 3, 2014, made after a hearing, and (2) stated portions of an order of the same court dated July 15, 2015. The order, insofar as appealed from, upon the decision, and upon awarding custody of the parties' children to the mother, awarded only certain visitation to the father.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 2008. They have two children together, born in 2009 and 2010, respectively. In 2012, the mother and the father each filed petitions seeking custody of

the children. After a hearing, the Family Court awarded sole custody of the children to the mother and awarded the father a three-hour visit each Wednesday, as well as three weekend visits per month during the school year. Although the court's order also awarded the father two consecutive weeks of visitation in the summer when the children were not in school, it did not award the father weekend visitation during the summer. The children appeal, contending that the court should have awarded the father weekend visitation during the summer.

"The determination of visitation to a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the children, and it should not be set aside unless it lacks a sound and substantial basis in the record" (*Matter of Dennis D. [Justesen]*, 83 AD3d 700, 702 [2011]). Here, the Family Court's visitation determination was in the best interests of the children and has a sound and substantial basis in the record, and will not be disturbed (*see Matter of Rivera v Fowler*, 112 AD3d 835, 836 [2013]; *Matter of Serra v Benitez*, 69 AD3d 863 [2010]; *Matter of Patrick v Farris*, 39 AD3d 864, 865 [2007]). Balkin, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.