■ In the Matter of MARGARET MICHELE SAVAGE, Appellant, v RICHARD ALLEN MORALES, Respondent. [46 NYS3d 669]—

Appeal by the mother from an order of the Family Court, Kings County (Maria Arias, J.), dated April 9, 2015. The order, after a hearing, in effect, denied her petition to modify a prior order of custody so as to award her visitation with the subject child.

Ordered that the order is affirmed, without costs or disbursements.

The parties have one child together. After a finding of neglect was made against the mother, the father was awarded sole custody of the child. An order of protection was issued against the mother, and she was not granted visitation. The mother subsequently filed a petition seeking visitation. After a hearing, the Family Court, in effect, denied the petition, finding that the mother failed to demonstrate that she had addressed the mental health issues that were the basis for the finding of neglect against her. The mother appeals.

Absent extraordinary circumstances, where visitation would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable visitation privileges (*see Matter of Blazek v Zavelo*, 127 AD3d 854 [2015]; *Pollack v Pollack*, 56 AD3d 637 [2008]). The rights of a parent are subordinate to the policy of protecting a child from a parent who is incapable or unwilling to perform his or her parental responsibilities (*see Matter of Hobb Y.*, 56 AD3d 998, 999 [2008]; *Matter of Sullivan County Dept. of Social Servs. v Richard C.*, 260 AD2d 680, 682 [1999]). The best interests of the child determine whether visitation should be permitted to a parent who has committed abuse or neglect (*see Matter of Tito T. [Carlos T.]*, 144 AD3d 813 [2016]; *Matter of Ni-Na C. [Xiao Q.C.]*, 134 AD3d 702, 703 [2015]; *Matter of Amparo B.T. [Carlos B.E.]*, 118 AD3d 809, 811 [2014]). The determination as to visitation is within the sound discretion of the Family Court, and it should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Amparo B.T. [Carlos B.E.]*, 118 AD3d at 811).

Here, there is a sound and substantial basis in the record for the Family Court's determination that it was not in the child's best interests to grant visitation to the mother, against whom a finding of neglect had been made. There is no evidence that the mother had addressed or gained insight into the issues that led to the neglect finding and the awarding of custody to the father.

The mother's contention that counsel was ineffective is based in part on matter dehors the record, which cannot be reviewed on direct appeal (*see Matter of Chamas v Carino*, 119 AD3d 564, 565 [2014]; *Matter of Ruvolo v Herrera*, 62 AD3d 1012 [2009]; *Matter of Rashawn L.B.*, 8 AD3d 267 [2004]). To the extent this claim can be reviewed, the record reveals that the mother received meaningful representation (*see Matter of Marra v Hernandez*, 102 AD3d 699, 700 [2013]; *Matter of Rodriguez v Suarez*, 93 AD3d 730 [2012]). Leventhal, J.P., Sgroi, LaSalle and Barros, JJ., concur.