Matter of Sarfati v DeJesus (2018 NY Slip Op 01315)





Matter of Sarfati v DeJesus


2018 NY Slip Op 01315


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-04453
2016-12382
 (Docket Nos. V-21559-09, V-21560-09, V-23618-09, V-23619-09)

[*1]In the Matter of Joseph Sarfati, respondent-appellant,
v
Christine DeJesus, appellant-respondent. (Proceeding No. 1)
In the Matter of Christine DeJesus, appellant- respondent,Joseph Sarfati, respondent-appellant. (Proceeding No. 2)


Heath J. Goldstein, Jamaica, NY, for appellant-respondent.
Linda C. Braunsberg, Staten Island, NY, for respondent-appellant.
Karen P. Simmons, Brooklyn, NY (Susan M. Cordaro and Janet Neustaetter of counsel), attorney for the children.



DECISION & ORDER
Appeals by the mother and cross appeals by the father from stated portions of (1) an order of the Family Court, Kings County (Anthony Cannataro, J.), dated April 8, 2016, and (2) an amended order of that court (Amanda White, J.) dated October 26, 2016. Both orders, after a hearing, inter alia, awarded sole legal and physical custody of the parties' children to the mother, restricted the mother's ability to relocate with the children, and awarded the father visitation with the children on the first, third, and fourth weekends of each month.
ORDERED that the appeal and cross appeal from the order dated April 8, 2016, are dismissed as academic, without costs or disbursements, in light of our determination on the appeal and cross appeal from the amended order dated October 26, 2016; and it is further,
ORDERED that the amended order dated October 26, 2016, is modified, on the law, (1) by adding thereto a provision vacating the order dated April 8, 2016, and (2) by deleting the provision thereof awarding the father visitation with the children on the first, third, and fourth weekends of each month, and substituting therefor a provision awarding the father visitation with the children on alternate weekends, from Friday after school until Sunday at 5:00 p.m.; as so modified, the amended order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The parties are the parents of two sons. The record supports a finding by a preponderance of the evidence that the parties' relationship was marked by a significant history of domestic violence perpetrated by the father against the mother. After a particularly egregious [*2]incident in 2009, after which the mother fled with the children, the father petitioned for sole custody of the children and the mother cross-petitioned for the same relief.
After a hearing, the Family Court issued an order dated April 8, 2016, inter alia, awarding sole legal and physical custody of the children to the mother and visitation to the father. Thereafter, upon the motion of the attorney for the children for resettlement, the court issued an amended order dated October 26, 2016, which replaced the April 8, 2016, order and modified certain aspects of visitation that are not relevant to these appeals and cross appeals. The mother appeals and the father cross-appeals from stated portions of the order and the amended order.
The father's contention that he should have been awarded sole or joint custody is not properly before this Court, since he consented to an award of sole custody to the mother at the outset of the protracted hearing and did not renew or revive a request for custody during the hearing (see Matter of Ciara B. [Edward T.-Ala B.], 96 AD3d 833, 834; Matter of Binong Xu v Sullivan, 91 AD3d 771). Further, the record demonstrates no basis for a new hearing as to the issue of custody (see generally Eschbach v Eschbach, 56 NY2d 167, 171).
"The determination of visitation to a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the children, and it should not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Dennis D. [Justesen], 83 AD3d 700, 702; see Matter of Sanders v Jaco, 148 AD3d 812, 814; Matter of Herrera v O'Neill, 20 AD3d 422, 423). "Visitation is a joint right of the noncustodial parent and of the child" (Weiss v Weiss, 52 NY2d 170, 175). "Absent extraordinary circumstances where visitation would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable visitation privileges" (Matter of Brian M. v Nancy M., 227 AD2d 404, 404; see Matter of Savage v Morales, 147 AD3d 861, 861). At the same time, a visitation schedule that "deprives the [custodial parent] of any significant quality time' with the children[ ] is . . . excessive'" (Matter of Felty v Felty, 108 AD3d 705, 708, quoting Chamberlain v Chamberlain, 24 AD3d 589, 593; see Matter of Rivera v Fowler, 112 AD3d 835, 836; Cesario v Cesario, 168 AD2d 911).
Here, the visitation schedule awarding the father visitation with the school-aged children three weekends per month was excessive, as it effectively deprived the mother of any significant quality time with the children (see Matter of Patrick v Farris, 39 AD3d 864, 865; see also Matter of Razdan v Mendoza-Pautrat, 137 AD3d 1149, 1150; Matter of Rivera v Fowler, 112 AD3d at 836). Under the circumstances of this case, including the mother's consent to alternate weekend visitation, we find that it would be more appropriate to award the father visitation on alternate weekends.
The mother failed to demonstrate, based on this record, that it would be detrimental to the well-being of the younger child to visit with the father alone when the older child is not available for visitation (see Matter of Rodriguez v Silva, 121 AD3d 794, 795; Matter of Nancy M. v Brian M., 227 AD2d at 404). Moreover, there is a sound and substantial basis in the record for the provisions of the amended order permitting the father to spend certain religious holidays with the children, outside of school hours (see Matter of Waldron v Dussek, 48 AD3d 471, 472-473; cf. Mars v Mars, 286 AD2d 201, 203). Further, there is a sound and substantial basis in the record for the remaining visitation provisions that are challenged by the mother (see Matter of Frankiv v Kalitka, 105 AD3d 1045; Matter of Andrews v Mouzon, 80 AD3d 761, 763).
Finally, the Family Court did not improvidently exercise its discretion in prohibiting the mother from relocating with the children beyond a certain distance without the consent of the father.
LEVENTHAL, J.P., BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court