Matter of Krubally v Jobe (2018 NY Slip Op 03679)





Matter of Krubally v Jobe


2018 NY Slip Op 03679


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-00190
 (Docket Nos. V-3907-15, V-3908-15)

[*1]In the Matter of Omar Krubally, appellant, 
v
Fatou Jobe, respondent.


Heath J. Goldstein, Jamaica, NY, for appellant.
Ronna Gordon-Galchus, Fresh Meadows, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Emily M. Martinez, Ct. Atty. Ref.), dated December 2, 2016. The order, insofar as appealed from, after a hearing, awarded the father only two weeks of physical access with the parties' children during the summer and limited his telephone contact with the children to once a day at a specified time.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, are the parents of two children, born in 2012 and 2013, respectively. In February 2015, the father filed a petition for physical access with the children, and in March 2016, he filed a petition for joint legal custody. In an order dated June 8, 2016, the Family Court, after a hearing, denied the father's petition for joint legal custody and awarded sole legal and physical custody to the mother. On the father's appeal from so much of the order as denied his custody petition and awarded the mother sole legal custody, this Court affirmed the order insofar as appealed from (see Matter of Krubally v Jobe, 152 AD3d 688). With respect to the physical access proceeding, in an order dated December 2, 2016, the Family Court awarded the father physical access, including physical access one week in July and one week in August each year and telephone contact with the children once daily at 6:30 p.m. The father appeals from these portions of the order.
"The determination of visitation to a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the children, and it should not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Dennis D. [Justesen], 83 AD3d 700, 702). Here, the Family Court's determination awarding the father two weeks of physical access in the summer was in the best interests of the children and has a sound and substantial basis in the record, and will not be disturbed (see Matter of McDaniel v McDaniel, 140 AD3d 1167).
The father's remaining contention is without merit.
LEVENTHAL, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court