Matter of Curtis v Alexander (2018 NY Slip Op 06902)





Matter of Curtis v Alexander


2018 NY Slip Op 06902


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-11730
 (Index No. V-8898-16)

[*1]In the Matter of Shanelle L. Curtis, appellant,
v
Tysheem C. Alexander, respondent.


Linda C. Braunsberg, Staten Island, NY, for appellant.
Jeffrey C. Bluth, New York, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated October 16, 2017. The order, insofar as appealed from, in effect, denied that branch of the mother's petition which sought to impose additional conditions on the father's parental access with the subject child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties have one child in common, who was born in March 2015. In March 2016, the mother filed a petition for custody of the child and, in April 2016, the father filed a petition seeking joint custody and parental access. In June 2017, the Family Court awarded the mother sole legal and physical custody of the subject child on the consent of both parties and issued a temporary order of parental access (hereinafter the June 2017 parental access order) that granted the father weekly parental access with the child and imposed certain conditions on the father's parental access. Thereafter, the mother filed a petition to enforce the conditions set forth in the June 2017 parental access order. The Family Court then issued several successive temporary orders of parental access and, in September 2017, a hearing was held on the issue of the father's parental access with the child. After the hearing, the Family Court issued an order granting certain parental access to the father on the condition that the father was not to expose the child to any person under the influence of drugs or alcohol, and was not to leave the child alone or with any other adults during parental access time. The mother appeals from so much of the order as, in effect, denied that branch of her petition which sought to impose additional conditions on the father's parental access with the child.
Contrary to the mother's contention, the parties signed a stipulation consenting to refer the matter to a referee to hear and determine the issue of parental access. Consequently, the referee possessed all the powers of a court in performing a like function, and her determination with respect to that issue stands as the decision of the court (see Bauer v Special Brands NY, Inc., 138 AD3d 1048, 1049; see Alleyne v Grant, 124 AD3d 569, 570).
The determination as to the nature and extent of parental access to a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the children, and it should not be set aside unless it lacks a sound and substantial basis in the record (see [*2]Matter of Dennis D. [Justesen], 83 AD3d 700, 702). Here, the Family Court's refusal to grant the mother's request for additional conditions on the father's parental access with the child was in the best interests of the child, has a sound and substantial basis in the record, and will not be disturbed (see Matter of Pierre v Dal, 142 AD3d 1021, 1023; Matter of McDaniel v McDaniel, 140 AD3d 1167, 1168).
The mother's remaining contentions are without merit.
DILLON, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court