Neumann v Hercz (2018 NY Slip Op 07739)





Neumann v Hercz


2018 NY Slip Op 07739


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-00905
 (Index No. 200591/10)

[*1]Neal Neumann, appellant, 
v
Zamira Hercz, respondent.


Storch Law, P.C., Brooklyn, NY (Zvi A. Storch and Binyomin Z. Bendet of counsel), for appellant.
Richman & Levine, P.C., Garden City, NY (Keith H. Richman of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Nassau County (Marie F. McCormack, Ct. Atty. Ref.), entered July 25, 2016. The judgment, insofar as appealed from, upon a decision of the same court dated May 19, 2015, made after a nonjury trial, directed the plaintiff to pay $3,500 monthly maintenance for a period of three years, $132,500 in arrears for pendente lite maintenance, $14,803.24 for an unpaid car loan, and $75,000 for the defendant's counsel fees.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff contends that the Supreme Court erred in determining the amount and duration of maintenance by failing to consider his living expenses. The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts (see Weidman v Weidman, 162 AD3d 720, 723; Greco v Greco, 161 AD3d 952; Culen v Culen, 157 AD3d 926, 928). The court properly considered the factors enumerated in Domestic Relations Law former § 236(B)(6)(a) in making its determination, including, inter alia, the present or future earning capacity of the parties; the need of one party to incur education or training expenses; the care of children provided during the marriage that inhibits a party's earning capacity; the reduced or lost earning capacity of the payee as a result of having forgone or delayed education, training, employment, or career opportunities during the marriage; and the contributions and services of the payee as a spouse, parent, wage earner, and homemaker to the career or career potential of the other party. Given that the defendant delayed education and training to care for the parties' children during the marriage, and given the evidence adduced regarding the parties' respective incomes, the court did not improvidently exercise its discretion in determining the amount or duration of maintenance.
Contrary to the plaintiff's contention, the Court Attorney Referee did not exceed her authority in making a determination as to the defendant's counsel fees, an unpaid car loan, and pendente lite maintenance arrears, as the parties and their counsel stipulated to refer the case to a Court Attorney Referee to hear and determine all issues in this action (see CPLR 4301; Matter of Curtis v Alexander, _____ AD3d _____, 2018 NY Slip Op 06902 [2d Dept 2018]). Furthermore, contrary to the plaintiff's contention, the award of pendente lite maintenance arrears was not contrary [*2]to the terms of the parties' stipulation of settlement.
The parties' remaining contentions are without merit.
RIVERA, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court