Matter of Prego v Tecza (2019 NY Slip Op 00881)





Matter of Prego v Tecza


2019 NY Slip Op 00881


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-12048
 (Docket No. V-5218-13)

[*1]In the Matter of Laura C. Prego, respondent,
v
Stanley M. Tecza, appellant.


Steven P. Forbes, Jamaica, NY, for appellant.
Dennis J. Saffran, Douglaston, NY, for respondent.
Frank M. Galchus, Fresh Meadows, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an amended order of the Family Court, Queens County (Mildred T. Negron, J.), dated October 17, 2017. The amended order, insofar as appealed from, upon a decision of the same court dated September 20, 2017, made after a hearing, and upon awarding custody of the subject child to the mother, awarded only certain parental access to the father.
ORDERED that the amended order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have one child, born in November 2011. In March 2013, the mother filed a petition pursuant to Family Court Act article 6 seeking sole custody of the child. Following a hearing, the Family Court awarded the mother sole custody of the child and set forth a parental access schedule for the father, which included daytime visits with incremental time frames. On appeal, the father contends that the court should have awarded him more extensive parental access with the child.
The determination of parental access to a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the child (see Matter of McDaniel v McDaniel, 140 AD3d 1167, 1168; Matter of Dennis D. [Justesen], 83 AD3d 700, 702; Matter of Khan v Dolly, 39 AD3d 649, 651). "A court's determination as to visitation is based upon, among other things, its assessment of the credibility of the witnesses and upon assessments of the character, temperament, and sincerity of the parents" (Matter of Khan v Dolly, 39 AD3d at 651). The court's determination should not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Dennis D. [Justesen], 83 AD3d at 702; Matter of Khan v Dolly, 39 AD3d at 651). Here, the Family Court's determination as to parental access has a sound and substantial basis in the record and, therefore, will not be disturbed (see Matter of Isabella M. [Benida M.], 160 AD3d 738, 739).
We note that the father's contention that the Family Court erred in limiting him to supervised parental access is without merit, inasmuch as the court awarded him unsupervised parental access. Although the court ordered supervised transfers of the child, the supervised transfer [*2]component expired on October 1, 2018.
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.

2017-12048 DECISION & ORDER ON MOTION
In the Matter of Laura C. Prego, respondent,
v Stanley M. Tecza, appellant.
(Docket No. V-5218-13)

Motion by the petitioner to dismiss an appeal from an order of the Family Court, Queens County, dated October 17, 2017, in effect, on the ground that the appeal has been rendered academic. By decision and order on motion of this Court dated October 29, 2018, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion is denied.
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court