Matter of Cabano v Petrella (2019 NY Slip Op 01210)





Matter of Cabano v Petrella


2019 NY Slip Op 01210


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2018-06894
 (Docket No. V-21947-11/17D)

[*1]In the Matter of Robert J. Cabano, respondent,
v
Tania Petrella, appellant.


Susan D. Stuart, Smithtown, NY, for appellant.
Karyn A. Villar, PLLC, Hauppauge, NY, for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated May 11, 2018. The order, insofar as appealed from, after a hearing, granted the father's petition insofar as it sought additional parental access with the child, and set forth the number of hours each party is entitled to parental access with the child on the mother's birthday, the father's birthday, and the child's birthday.
ORDERED that the order is modified, on the facts, by deleting the provisions thereof setting forth the number of hours each party is entitled to parental access with the child on the mother's birthday, the father's birthday, and the child's birthday; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new determination as to the number of hours each party will be entitled to parental access with the child on the mother's birthday, the father's birthday, and the child's birthday, and the parties' respective priority in selecting the times such parental access shall occur on those days; and it is further,
ORDERED that pending the new determination by the Family Court, Suffolk County, the provisions setting forth the number of hours each party is entitled to parental access with the child on the mother's birthday, the father's birthday, and the child's birthday shall remain in effect.
In December 2013, the mother and the father entered into a so-ordered stipulation which, among other things, reaffirmed their joint legal custody, reaffirmed the mother's residential custody, and set forth a detailed parental access schedule. That arrangement remained substantively in effect upon a so-ordered stipulation to modify dated October 28, 2016.
By petition filed June 22, 2017, the father requested, inter alia, a modification of the parental access schedule. By order dated May 11, 2018, made after a hearing, the Family Court, inter [*2]alia, granted the father's petition insofar as it sought additional parental access with the child, and to modify the number of hours each party is entitled to parental access with the child on the mother's birthday, the father's birthday, and the child's birthday. The mother appeals.
The modification of an existing court-ordered parental access arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child (see Eschbach v Eschbach, 56 NY2d 167, 172; Matter of Pena v Tiburcio, 162 AD3d 670, 670-671; Matter of Pignataro v Davis, 8 AD3d 487, 488). The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d at 171; see Matter of Pena v Tiburcio, 162 AD3d at 671; Matter of McDaniel v McDaniel, 140 AD3d 1167, 1168). Among other things, the child's best interests lie in her "being nurtured and guided by both natural parents" (Twersky v Twersky, 103 AD2d 775, 775), and " [i]n order for the noncustodial parent to develop a meaningful, nurturing relationship with the child, [parental access] must be frequent and regular'" (Matter of Pena v Tiburcio, 162 AD3d at 671, quoting Matter of Zwillman v Kull, 90 AD3d 774, 775). Since determinations regarding the best interests of the child depend in large part upon the trial court's assessment of character and the credibility of the parties and witnesses, that court's credibility findings are generally accorded deference and its custody determinations will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of McDaniel v McDaniel, 140 AD3d at 1168; Matter of McVey v Barnett, 107 AD3d 808, 808; Matter of Guzman v Pizarro, 102 AD3d 964, 965).
Here, the Family Court's determination that the child's best interests would be served by a parental access schedule that increased the amount of parental access afforded to the father has a sound and substantial basis in the record, and will not be disturbed (see Matter of Pena v Tiburcio, 162 AD3d at 671; Matter of Ammirata v Ammirata, 49 AD3d 829, 829).
Any error in failing to set forth certain relevant facts in the order establishing the modified parental access schedule does not constitute grounds for reversal or modification, since the record contains a sound and substantial basis for the Family Court's determination and is sufficient for this Court to conduct an independent review of the evidence (see Matter of Woodson v Woodson, 163 AD3d 833, 834; Matter of Thomas v Wong, 127 AD3d 769, 769).
Nevertheless, we agree with the mother and the attorney for the child that the Family Court should have set forth a more precise parental access schedule with respect to the parties' and the subject child's birthdays. The order provided, in effect, that the parties each would have parental access with the child on his or her own birthday, and on the child's birthday, if the birthday was during the other party's parental access, for two hours on a school day and for four hours on a non-school day. The order requires the parties to cooperate in reaching an agreement on these details which, given the parties' relationship, is unrealistic (see Matter of Alvarado v Cordova, 158 AD3d 794, 795; Matter of Shonyo v Shonyo, 151 AD3d 1595, 1595-1598). Accordingly, we remit the matter to the Family Court, Suffolk County, for a new determination as to the number of hours for which each party will be entitled to parental access with the child on the mother's birthday, the father's birthday, and the child's birthday, and the parties' respective priority in selecting the times such parental access shall occur on those days.
RIVERA, J.P., BALKIN, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court