Matter of Orange County Dept. of Social Servs. v Marvin (2019 NY Slip Op 03052)





Matter of Orange County Dept. of Social Servs. v Marvin


2019 NY Slip Op 03052


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-09569
2018-11401
 (Index No. F-2186-00)

[*1]Matter of Orange County Department of Social Services, etc., respondent, 
v
Mark Marvin, appellant.


Mark Marvin, Walden, NY, appellant pro se.
Langdon C. Chapman, County Attorney, Goshen, NY (Howard A. Fields of counsel), for respondent.



DECISION & ORDER
In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of disposition of the Family Court, Orange County (Victoria B. Campbell, J.), dated August 1, 2018, and (2) an order of commitment of the same court also dated August 1, 2018. The order of disposition, after a hearing, inter alia, determined that the father willfully violated a prior court order requiring him to pay child support arrears and committed him to the custody of the Orange County Jail for a period of 30 days unless he paid the purge amount of $5,000. The order of commitment committed the father to the custody of the Orange County Jail for a period of 30 days unless he paid the purge amount of $5,000.
ORDERED that the appeal from so much of the order of disposition as committed the father to the Orange County Jail for a period of 30 days and the appeal from the order of commitment are dismissed as academic, without costs or disbursements, as the father is no longer incarcerated pursuant to those orders (see Matter of Becker v Guenther, 150 AD3d 985; Matter of Larrier v Williams, 84 AD3d 805); and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
We agree with the Family Court's determination that the father willfully violated the provisions of a prior court order requiring him to pay $100 per month in child support arrears. Evidence of the failure to pay child support constitutes " prima facie evidence of a willful violation,'" and shifts the burden to the obligor to come forward with competent, credible evidence of his or her inability to pay (Matter of Brennan v Burger, 63 AD3d 922, 923, quoting Family Ct Act § 454[3][a]; see Matter of Powers v Powers, 86 NY2d 63, 69). The petitioner's prima facie showing that the father failed to pay his child support obligations for almost nine years was undisputed, and shifted the burden to the father to come forward with competent, credible evidence that his failure to pay child support as ordered was not willful (see Matter of Powers v Powers, 86 NY2d at 69). The father failed to satisfy that burden (see e.g. Matter of Marra v Hernandez, 102 AD3d 699, 700; Matter of Vickery v Vickery, 63 AD3d 1220, 1221).
The father's remaining contentions are without merit.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court