Matter of Margaret M.W.S. v Richard A.M. (2020 NY Slip Op 00378)





Matter of Margaret M.W.S. v Richard A.M.


2020 NY Slip Op 00378


Decided on January 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 21, 2020

Manzanet-Daniels, J.P., Gesmer, Oing, Moulton, González, JJ.


10813

[*1] In re Margaret M.W.S., Petitioner-Appellant,
v
Richard A.M., Respondent-Respondent.


Leslie S. Lowenstein, Woodmere, for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the child.



Order, Family Court, New York County (Marva A. Burnett, Referee), entered on or about May 9, 2018, which granted respondent father's motion to dismiss the petition to modify an order of custody and visitation, unanimously affirmed, without costs.
The court properly dismissed the petition without conducting an evidentiary hearing (see Matter of Ronald S. v Deirdre R., 62 AD3d 593 [1st Dept 2009]). This Court previously affirmed an order granting the father full custody, citing the mother's history of psychiatric hospitalizations and her continued irrational conduct, which had placed the child in danger (see 119 AD3d 435 [1st Dept 2014]). Thereafter, the mother filed several petitions to modify the custody order to grant her visitation with her daughter. The instant petition was filed one month after Family Court conducted a full evidentiary hearing on the mother's request for identical relief. That petition was dismissed, and this Court affirmed, finding that although the mother testified that her mental condition had improved, she provided no medical testimony to substantiate her claim (see 168 AD3d 521 [1st Dept 2019]).
In the instant petition, the mother has failed to demonstrate a material change in circumstances since the most recent dismissal, sufficient to show that visitation would be in the child's best interests (see Matter of Savage v Morales, 147 AD3d 861 [2d Dept 2017]).
We have considered the mother's remaining arguments, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 21, 2020
CLERK